IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC, DBA HEIDEMAN & ASSOCIATES, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer |

Plaintiff R. Wayne Klein was appointed as receiver in *United States v. RaPower-3, LLC, et al.*, No. 2:15-cv-00828-DN-EJF (D. Utah), over RaPower-3, LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1 LLC, their subsidiaries and affiliates, and the assets of Neldon Johnson and R. Gregory Shepard.[1] Plaintiff subsequently initiated this case to recover funds that are alleged to have been fraudulently transferred to Defendant Justin D. Heideman, LLC from RaPower and IAS.[2]

Defendant seeks dismissal of Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[3] Defendant's Motion to Dismiss challenges the sufficiency of the Complaint by disputing the Complaint's allegations, asserting facts that go beyond the Complaint's allegations, and arguing for inferences from the facts which

---

[1] Corrected Receivership Order ("*RaPower-3* Receivership Order"), ECF no. 491 in No. 2:15-cv-00828-DN-EJF (D. Utah), filed Nov. 1, 2018.

[2] Complaint, docket no. 2, filed Oct. 31, 2019.

[3] Motion to Dismiss, docket no. 6, filed Dec. 12, 2019.

are favorable to Defendant.[4] These types of challenges are not appropriate under the standard of review for Rule 12(b)(6).

When reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[5] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[6] And dismissal is appropriate only when the complaint, standing alone, is legally insufficient to state a claim on which relief can be granted.[7]

Applying this standard of review to Plaintiff's Complaint, there are sufficient, well-pleaded facts for Plaintiff's avoidance of fraudulent transfers and unjust enrichment claims to be plausible on their face. The Complaint is legally sufficient to state a claim on which relief can be granted.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss[8] is DENIED.

Signed February 24, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[4] *Id*.

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[7] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[8] Motion to Dismiss, docket no. 6, filed Dec. 12, 2019.