JUSTIN D. HEIDEMAN (USB #8897)
JUSTIN R. ELSWICK (USB #9153)
2696 North University Avenue, Suite 180
Provo, Utah 84604
Telephone: (801) 472-7742
Facsimile: (801) 374-1724
Email: jheideman@heidlaw.com
        jelswick@heidlaw.com
*Attorneys for Defendant Justin D. Heideman, LLC dba Heideman & Associates*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN D. HEIDEMAN, LLC, DBA HEIDEMAN & ASSOCIATE, a Utah Limited Liability Company,<br><br>    Defendant. | **DEFENDANT'S MOTION TO EXTEND EXPERT DISCOVERY & ASSOCIATED DEADLINES**<br><br>(Ancillary to Case No. 2:15-cv-00828)<br><br>(General Order 19-003)<br><br>Case No. 2:19-CV-00854-DN<br><br>Judge: David Nuffer |

COMES NOW, Defendant, Justin D. Heideman, dba Heideman & Associates ("H&A" or "Defendant") by and through counsel undersigned and pursuant to Fed. R. Civ. P. 6 and DUCivR 7-1(a)(2), submit to this Court Defendant's *Motion to Extend Expert Discovery & Associated Deadlines.*

Pursuant to this *Motion*, Defendant requests that the Court extend Defendant's expert report date (currently set for May 5, 2021) by 30 days to the date of June 4, 2021. Consistent with this 30-day extension, Defendants also requests that the Court also extend the last day for expert discovery, the deadline for filing dispositive or potentially dispositive motions and the deadline

for filing partial or complete motions to exclude expert testimony by 30 days as well. If granted, the deadlines would be adjusted as follows:

| Event | Original Deadline | New Deadline |
| --- | --- | --- |
| Counter reports | 05/05/21 | 06/04/21 |
| Last day for expert discovery | 06/23/21 | 07/23/21 |
| Deadline for filing dispositive or potentially dispositive motions | 07/28/21 | 08/27/21 |
| Deadline for filing partial or complete motions to exclude expert testimony | 07/28/21 | 08/27/21 |

Defendant states that he has diligently sought to move this case forward; however, good cause exists because Defendant's expert, Derk Rasmussen of Sage Forensic Accounting ("Sage") has a multi-day trial at the end of April through the first part of May. Mr. Rasmussen then has an eleven (11) day arbitration mid-May. As a result, Mr. Rasmussen has considerable preparations that must be competed in April order to properly prepare for these previously scheduled matters. Mr. Rasmussen has expressly requested the additional time due to the intensity of his schedule.

Defendant's counsel asked opposing counsel to stipulate to the foregoing extension given the circumstances and the specific nature of the request. However, opposing counsel declined on grounds that Defendant had previously refused to generally extend fact discovery by 60-days. It is worth noting that in most situations, Defendant's counsel willing accommodates requests for extensions when there is a specific need, delay or circumstance associated with the request. In this case, the request for a 60-day extension of fact discovery was not associated with any specific,

pressing need. Defendant's current request is being made only due to the fact that the expert has (himself) requested the relief.

Plaintiff may argue that Mr. Rasmussen was aware in February of his report due date. However, foreknowledge of the date doesn't obviate the fact that with lengthy trials and/or arbitrations, the amount of work required for preparation is unknown months in advance.

Fed. R. Civ. P. 6(b) provides:

(1)   *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendant respectfully requests that this Court allow for the deadlines for expert counter reports, last day for expert discovery, the deadline for the filing of dispositive or potentially dispositive motion, and the deadline for filing partial or complete motions to exclude expert testimony be extended by thirty (30) days each as set forth in the table above.

Extension of the deadlines will not result in any prejudice or hardship because pretrial disclosures are not due until December 3, 2021. Defendant's Counsel respectfully states that he has made reasonable efforts to obtain a stipulation from Plaintiff's counsel, which was denied. Pursuant to CIV *DUCivR 7-1(a)(2),* a proposed order is attached hereto as <u>Exhibit 1</u>.

DATED: <u>April 14, 2021</u>

                                                                                       **HEIDEMAN & ASSOCIATES**
                                                                                        <u>/s/ Justin D. Heideman        </u>
                                                                                        JUSTIN D. HEIDEMAN
                                                                                       *Attorney for Defendant Justin D.*
                                                                                       *Heideman, LLC dba Heideman &*
                                                                                       *Associates*

## CERTIFICATE OF SERVICE

On April 14, 2021, I hereby certify that I caused a true and correct copy of the foregoing **DEFENDANT'S MOTION TO EXTEND EXPERT DISCOVERY & ASSOCIATED DEADLINES** to be served on the below parties via the method indicated below:

| Party/Attorney | Method |
|---|---|
| **MANNING CURTIS BRADSHAW & BEDNAR, PLLC**<br>David C. Castleberry<br>Mitch M. Longson<br>136 East South Temple, Suite 1300<br>Salt Lake City, Utah 84111<br>dcastleberry@mc2b.com<br>mlongson@mc2b.com | __ Hand Delivery<br>__ U.S. Mail, postage prepaid<br>__ Overnight Mail<br>__ Fax Transmission<br>X  Electronic Filing Notice |

**HEIDEMAN & ASSOCIATES**
/s/ *Wendy Poulsen*
WENDY POULSEN
*Legal Assistant*