MANNING CURTIS BRADSHAW
& BEDNAR PLLC
David C. Castleberry, #11531
Mitch M. Longson, #15661
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
dcastleberry@mc2b.com
mlongson@mc2b.com

*Attorneys for Court-Appointed Receiver Wayne Klein*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver, <br><br> Plaintiff, <br> v. <br><br> JUSTIN D. HEIDEMAN LLC DBA HEIDEMAN & ASSOCIATES, a Utah limited liability company, <br><br> Defendant. | **RECEIVER'S MOTION TO EXCLUDE IMPROPER TESTIMONY OF PROPOSED EXPERT DERK G. RASMUSSEN** <br><br> **(Ancillary to Case No. 2:15-cv-00828)** <br> **(General Order 19-003)** <br><br> Civil No. 2:19-cv-00854-DN <br><br> Judge David Nuffer |

Plaintiff R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of RaPower-3, LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1 LLC ("LTB1"), and thirteen subsidiaries and affiliates, and the assets of Neldon Johnson and R. Gregory Shepard,[1]

---

[1] Collectively, RaPower, IAS, LTB1, Shepard, and Johnson are referred to herein as "Receivership Defendants."

hereby submits, through counsel, the following Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen.

## INTRODUCTION AND RELIEF SOUGHT

This case stems from Receivership Entity RaPower's fraudulent payments of more than $130,000.00 to Defendant Justin D. Heideman LLC dba Heideman & Associates ("Heideman") to represent RaPower solar lens purchasers (the "Oregon Lens Purchasers"). After the Receiver designated Rick S. Hoffman as his expert on RaPower's insolvency, an issue on which the Receiver bears the burden of proof on one of his claims,[2] Heideman designated Derk Rasmussen as a counter-expert.[3] Heideman disclosed that Mr. Rasmussen would testify regarding "Receiver Defendants' [sic] financial condition at all times relevant to this case, including whether or not Receiver Defendants [sic] were insolvent at the time of the transfers at issue in this case."[4]

The Receiver does not seek to exclude Mr. Rasmussen's opinions regarding these listed topics. However, the report goes on to express legal opinions regarding purported "overlapping issues" between the Oregon and federal cases, and value that Heideman allegedly provided to RaPower in representing the Oregon Lens Purchasers.[5] Under Tenth Circuit law, such expert "opinions" attempting to construe the law and apply law to facts at issue in the case are unhelpful attempts to invade the fundamental functions of the judge and jury.[6]

---

[2] *See* ECF No. 15, filed Jan. 29, 2021.

[3] *See* ECF No. 16, filed Feb. 19, 2021.

[4] *Id.*

[5] *See* Rasmussen Expert Report, attached hereto as Exhibit 1, at 6–7.

[6] *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) ("By permitting the jury to hear this array of legal conclusions touching upon nearly every element of the plaintiffs' burden of proof …, the trial court allowed the expert to supplant both the court's duty to set forth the law and the jury's ability to apply this law to the evidence.").

{02236552.DOCX / 4}  2

In addition, Mr. Rasmussen provides the foregoing opinions ostensibly for the purpose of opining that "RaPower believed its technology was feasible," and therefore, RaPower's judgments at the time regarding estimated revenues are accurate.[7] This opinion, too, constitutes improper expert testimony that should be excluded. Tenth Circuit law prohibits experts from testifying regarding a party's "state of mind," including whether a party "believed" a given fact at some point in time.[8] For this additional reason, the Court should exclude these subjects of Mr. Rasmussen's testimony as unhelpful under Fed. R. Evid. 702.

## ARGUMENT

### I. Purported Expert Opinions Finding Facts and Applying the Law to Such Facts Should Be Excluded.

Since its 1988 decision in *Specht*, the Tenth Circuit has held firmly to the principle that "when the purpose of [expert] testimony is to direct the jury's [or judge's] understanding of the legal standards upon which their verdict must be based, the testimony ***cannot be allowed***."[9] Under this longstanding principle, "[i]n no instance can a witness be permitted to define the law of the case." *Id.* As set forth below, Mr. Rasmussen's opinions regarding purported value Heideman provided to RaPower violate these basic principles of Rule 702 and they should accordingly be excluded.

---

[7] Rasmussen Report, Ex. 1 at 6.

[8] *See, e.g.*, *Pinon Sun Condo. Ass'n, Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166, at *8 (D. Colo. Mar. 25, 2020) ("Rule 702 does not allow an expert witness to speculate as to the intent or state of mind of the parties, and [the expert] has failed to identify any reliable foundation for these opinions.")

[9] *Specht*, 853 F.2d at 810 (emphasis added).

{02236552.DOCX / 4}                                3

Mr. Rasmussen's unsupported legal opinion regarding alleged value flowing from Heideman to RaPower based on Heideman's representation of the Oregon Lens Purchasers is as follows:

> [I]t is my understanding that the *issues presented in Oregon tax court overlapped with issues that were being discussed in federal court*. In fact, I noted that there were several trial exhibits used in the federal case which were related to the Oregon litigation. *If the court in Oregon concluded that the tax benefits claimed were legitimate, it would positively affect RaPower's arguments in federal court*.[10]

Mr. Rasmussen includes these statements among his other expert opinions regarding insolvency, but these statements have no basis in fact or law and Mr. Rasmussen cannot, in any event, attempt to apply law to facts in this manner—particularly when such statements are made without any legal or factual support.

Consistent with the Tenth Circuit's holding in *Specht* and its progeny, this Court has held that "[o]nly evidence can establish proof, only the jury can find facts …, and only the attorneys in the case can argue about the meaning of the evidence."[11] Mr. Rasmussen's unsupported statements regarding the impact the Oregon tax litigation would have on "RaPower's arguments in federal court" fit squarely within this category of prohibited testimony.[12] There are no facts to support such a statement and Mr. Rasmussen cites none.[13] Further, as Mr. Rasmussen later concedes in his report, he is "not a lawyer,"[14] and does not purport to be qualified to offer legal

---

[10] Ex. 1 at 7 (emphasis added) (citations omitted).

[11] *Rowe v. DPI Specialty Foods, Inc.*, 2015 WL 4949097, at *5 (D. Utah Aug. 19, 2015) (excluding Mr. Rasmussen in prior case for attempting to offer similar testimony weighing facts and applying law).

[12] Ex. 1 at 7.

[13] *See id*.

[14] *Id.* at 10.

opinions regarding whether value is provided under the Utah Fraudulent Transfer Act. And even if he were so qualified, such opinions regarding whether and the extent to which value passed from Heideman to RaPower would be unhelpful under Rule 702. Accordingly, any such testimony should be excluded.

### II. Mr. Rasmussen's Testimony Regarding What RaPower "Believed" Should Be Excluded.

Mr. Rasmussen testifies regarding supposed "overlapping issues" between the Oregon and federal cases in order to support his opinion that "RaPower believed its technology was feasible," and therefore, its judgments at the time regarding estimated revenues are accurate.[15] This testimony, too, runs afoul of Rule 702. Courts within this and other federal circuits routinely exclude testimony in which an expert speculates regarding a party's "state of mind,"[16] which is precisely the sort of testimony Mr. Rasmussen offers here in an attempt to justify his insolvency opinions. Mr. Rasmussen should be precluded from providing his opinion regarding what RaPower "believed" at any point in time because such testimony is speculative and unhelpful under Rule 702.

### CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court exclude testimony from Derk G. Rasmussen regarding legal issues or analysis, including whether and the

---

[15] *Id.* at 6.

[16] *See, e.g.*, *Pinon Sun Condo. Ass'n, Inc.*, 2020 WL 1452166, at *8 (citing cases); *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 2011 WL 6288415, at *8 (S.D.N.Y. Dec. 15, 2011) ("Opinions concerning state of mind are an inappropriate topic for expert opinion."); *Sec. & Exch. Comm'n v. Am. Growth Funding II, LLC*, 2019 WL 1772509, at *1 (S.D.N.Y. Apr. 23, 2019) (citing cases and excluding expert's opinion whether there was "evidence in the record[]" that defendants acted without "good faith").

extent to which value passed from Heideman to RaPower based on Heideman's representation of the Oregon Lens Purchasers.

DATED this 27th day of September, 2021.

/s/ Mitch M. Longson
MANNING CURTIS BRADSHAW
   & BEDNAR PLLC
David C. Castleberry
Mitch M. Longson
*Attorneys for Receiver Wayne Klein*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **RECEIVER'S MOTION TO EXCLUDE IMPROPER TESTIMONY OF EXPERT DERK G. RASMUSSEN** to be served on the below parties via the method indicated on September 27, 2021.

|  |  |
|---|---|
| ___HAND DELIVERY | Justin D. Heideman |
| ___U.S. MAIL | Justin R. Elswick |
| ___FAX TRANSMISSION | Heideman & Associates |
| ___E-MAIL TRANSMISSION | 2696 N. University Avenue, Suite 180 |
| _X_ ELECTRONIC FILING | Provo, Utah 84601 |
|  | jheideman@heidlaw.com |
|  | jelswick@heidlaw.com |

*Attorneys for Defendant*

/s/ Mitch M. Longson