MANNING CURTIS BRADSHAW
& BEDNAR PLLC
David C. Castleberry, #11531
Mitch M. Longson, #15661
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
dcastleberry@mc2b.com
mlongson@mc2b.com

*Attorneys for Court-Appointed Receiver Wayne Klein*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br>v.<br><br>JUSTIN D. HEIDEMAN LLC DBA HEIDEMAN & ASSOCIATES, a Utah limited liability company,<br><br>Defendant. | **RECEIVER'S MOTION FOR EXTENSION OF TIME**<br><br><br>Civil No. 2:19-cv-00854-DN<br><br>Judge David Nuffer |

Plaintiff R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of RaPower-3, LLC ("RaPower"), International Automated Systems Inc. ("IAS"), LTB1 LLC ("LTB1"), and thirteen subsidiaries and affiliates, and the assets of Neldon Johnson and R. Gregory Shepard,[1] hereby submits, through counsel, the following Motion for Extension of Time to file his Motion

---

[1] Collectively, RaPower, IAS, LTB1, Shepard, and Johnson are referred to herein as "Receivership Defendants."

for Partial Summary Judgment and Memorandum in Support (Dkt. 32); Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen (Dkt. 33); Motion to Exclude Proposed Expert Jay D. Adkisson (Dkt. 34); and Motion to Exclude Proposed Expert Matthew M. Boley (Dkt. 35) (collectively the "Motions").

## DISCUSSION

### I. The Receiver Should Be Granted a Retroactive Extension of Time to File the Motions Pursuant to Fed. R. Civ. P. 6(b)(1)(B).

The Receiver filed the Motions approximately two and a half hours after the Court's 4:30 PM deadline on September 27, 2021 for filing dispositive motions and motions to exclude. Accordingly, the Receiver seeks a retroactive extension for the minimal delay in filing such Motions. Under Fed. R. Civ. P. 6(b)(1)(B), the Court may grant such an extension for good cause and "if the party failed to act because of excusable neglect." The Tenth Circuit has set forth the following factors for determining "excusable neglect": "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."[2] In applying these factors, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

---

[2] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

omission."³ The Tenth Circuit has further held that this rule "should be liberally construed to advance the goal of trying each case on the merits."⁴

The initial inquiry is whether there is good cause for the Receiver's retroactive extension. Good cause exists here because the Receiver's counsel experienced technical difficulties hyperlinking the Motions, which were otherwise finalized and ready for filing well in advance of the 4:30 PM deadline. The undersigned counsel failed to note the addition of a 4:30 PM deadline to the latest extension order, which was absent from the three previous extension orders,⁵ and thus, counsel worked through the technical issues with a paralegal until approximately 7:00 PM when the Motions were filed. Absent the technical difficulties, the Receiver's Motions would have been filed in compliance with the 4:30 PM deadline.

Next, applying the first of the excusable neglect factors, there is no danger of prejudice to Heideman. A *de minimis* delay of a couple hours—particularly when Heideman too filed an untimely motion—does not and cannot be said to cause any prejudice to Heideman. In the event Heideman seeks an additional two and a half hours to file its response brief, the Receiver is certainly amenable to such an extension.⁶

---

³ *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. McKee*, 2019 WL 1931713, at *5 (D. Utah May 1, 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380, 395 (1993)).

⁴ *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016); *see also Strong v. Cochran*, 2018 WL 4080898, at *1 (D. Utah Aug. 27, 2018) (granting motion to extend opposition filed 37 days late).

⁵ *See* Dkt. Nos. 21, 23, 25.

⁶ *See Strong v. Cochran*, 2018 WL 4080898, at *1 (D. Utah Aug. 27, 2018) (granting motion to extend time 37 days following expiration of time deadline where prejudice was minimal and could be avoided by an "appropriate extension").

Second, the length of the delay was a matter of hours. It has not caused and will not cause any material impact on judicial proceedings. No hearing has been set on the Motions and Heideman has effectively the same amount of time to respond to the Motions as he otherwise would.[7] The delay of two and a half hours bears no meaningful impact on the Court's schedule.

Third, the reason for the delay was an oversight by counsel and difficulties hyperlinking the Motions. While the oversight of the time deadline was within counsel's control, counsel submits that the facts and circumstances justify this oversight. In its August 24 order granting the parties an extension to, *inter alia*, file dispositive motions and motions to exclude experts on or before September 27, the Court imposed a time deadline of 4:30 PM to file such motions.[8] Prior extension orders included no such time deadline,[9] and the parties' proposed order extending the deadline to September 27 included no such deadline.[10] Indeed, Heideman failed to comply with the deadline regarding its Rule 56 Motion for Summary Judgment Disqualifying Plaintiff's Expert Witness.[11] Thus, counsel missed the specific time deadline and used the additional time to work through issues described above related to hyperlinking the Motions.

Finally, for the same reasons set forth above, counsel for the Receiver acted in good faith. The Receiver neither sought nor gained any tactical or other advantage by the additional filing time, and again, was merely attempting to address technical issues under the incorrect assumption that the standard midnight filing times governed. Construing the foregoing factors

---

[7] *See id.*
[8] *See* Dkt. No. 27.
[9] *See* Dkt. Nos. 21, 23, 25.
[10] *See* Dkt. No. 26-1.
[11] Dkt. No. 31; Docket Email, attached hereto as Exhibit A.

"liberally" to advance the goal of the Receiver's Motions being heard on their merits, the equities favor the Court granting the Receiver a retroactive extension for its filing delays.[12]

## CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court retroactively grant the Receiver an extension of time to file his Motion for Partial Summary Judgment and Memorandum in Support (Dkt. 32); Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen (Dkt. 33); Motion to Exclude Proposed Expert Jay D. Adkisson (Dkt. 34); and Motion to Exclude Proposed Expert Matthew M. Boley (Dkt. 35).

DATED this 29th day of September, 2021.

                                                /s/ Mitch M. Longson
                                                MANNING CURTIS BRADSHAW
                                                    & BEDNAR PLLC
                                                David C. Castleberry
                                                Mitch M. Longson
                                                *Attorneys for Receiver Wayne Klein*

---

[12] *Rachel*, 820 F.3d at 394.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **RECEIVER'S MOTION FOR EXTENSION OF TIME** to be served on the below parties via the method indicated on September 29, 2021.

|  |  |
|---|---|
| \_\_\_HAND DELIVERY | Justin D. Heideman |
| \_\_\_U.S. MAIL | Justin R. Elswick |
| \_\_\_FAX TRANSMISSION | Heideman & Associates |
| \_\_\_E-MAIL TRANSMISSION | 2696 N. University Avenue, Suite 180 |
| _X_ ELECTRONIC FILING | Provo, Utah  84601 |
|  | jheideman@heidlaw.com |
|  | jelswick@heidlaw.com |
|  | *Attorneys for Defendant* |

/s/ Mitch M. Longson