THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba HEIDEMAN & ASSOCIATES, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br>**(1) DENYING MOTION TO STRIKE,**<br>**(2) GRANTING MOTION FOR EXTENSION OF TIME, AND**<br>**(3) DENYING MOTION TO STAY**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

The deadline to file dispositive motions and motions to exclude expert testimony in this case was 4:30 p.m. on September 27, 2021.[1] Between 6:49 p.m. and 7:08 p.m. on September 27, 2021, Plaintiff filed four such motions.[2] The next day, September 28, 2021, Defendant filed a Motion to Strike Plaintiff's motions as untimely.[3] The following day, September 29, 2021, Plaintiff filed a response[4] to Defendant's Motion to Strike and a Motion for Extension of Time[5] for the filing of its dispositive and expert motions. That same day, Defendant filed a Motion to

---

[1] Order Granting Motion to Extend Remaining Deadlines at 1, docket no. 27, filed Aug. 24, 2021.

[2] Receiver's Motion for Partial Summary Judgment and Memorandum in Support, docket no. 32, filed Sept. 27, 2021; Receiver's Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen, docket no. 33, filed Sept. 27, 2021; Receiver's Motion to Exclude Proposed Expert Jay D. Adkisson, docket no. 34, filed Sept. 27, 2021; Receiver's Motion to Exclude Proposed Expert Matthew M. Boley, docket no. 35, filed Sept. 35, 2021.

[3] Defendant's Motion to Strike Untimely Filings: Receiver's Motion for Partial Summary Judgment and Memorandum in Support (Dkt No. 32), Receiver's Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen (Dkt No. 33), Receiver's Motion to Exclude Proposed Expert Jay D. Adkisson (Dkt No. 34), and Receiver's Moton to Exclude Proposed Expert Matthew M. Boley (Dkt No. 35) ("Motion to Strike"), docket no. 36, filed Sept. 28, 2021.

[4] Receiver's Opposition to Motion to Strike, docket no. 37, filed Sept. 29, 2021.

[5] Receiver's Motion for Extension of Time ("Motion for Extension of Time"), docket no. 38, filed Sept. 29, 2021.

Stay[6] the deadlines for response to Plaintiff's dispositive and expert motions pending ruling on the Motion to Strike, and alternatively, seeking extension of the time to respond by 14 days.

Briefing is not complete on the Motion to Strike, Motion for Extension of Time, and the Motion to Stay. However, under the circumstances and based on the issues presented, additional briefing is not warranted and would not affect the disposition of the motions. It is appropriate to now rule on these motions to avoid unnecessary delays and costs to the parties.

### Plaintiff's dispositive and expert motions will be permitted

The Motion to Strike and Motion for Extension of Time present the same issue of whether Plaintiff's dispositive and expert motions should be permitted despite being filed untimely by less than three hours. FED. R. CIV. P. 6(b)(1)(B) provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect."[7] The good cause and excusable neglect standards are "interrelated, but not identical."[8] "Good cause requires a greater showing than excusable neglect."[9] "Good cause comes into play in situations in which there is no fault—excusable or otherwise."[10] "In such situations, the need for an extension is usually occasioned by something that is not within the control of the

---

[6] Defendant's Motion to Stay Time to File Memoranda in Opposition to: Receiver's Motion for Partial Summary Judgment and Memorandum in Support (Dkt No. 32), Receiver's Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen (Dkt No. 33), Receiver's Motion to Exclude Proposed Expert Jay D. Adkisson (Dkt No. 34), and Receiver's Moton to Exclude Proposed Expert Matthew M. Boley (Dkt No. 35) or Alternatively to Extend Time to File Memoranda in Oppostion ("Motion to Stay"), docket no. 39, filed Sept. 29, 2021.

[7] Fed. R. Civ. P. 6(b)(1)(B).

[8] *Utah Republican Party v. Herbert*, 678 Fed. App'x 697, 700 (10th Cir. 2017).

[9] *Id*. (internal punctuation and quotations omitted).

[10] *Id*. (internal quotations omitted).

movant."[11] "It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts."[12]

Excusable neglect on the other hand, "requires some showing of good faith on the part of the party seeking the [extension] and some reasonable basis for noncompliance within the time specified."[13] "[It] is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."[14] Rather,

> [i]t is an equitable standard and courts should consider four factors when determining whether neglect is excusable: (1) the danger of prejudice; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.[15]

The good cause and excusable neglect standards are "liberally construed to advance the goal of trying each case on the merits."[16]

Good cause exists for Plaintiff's untimely filing of its dispositive and expert motions. Plaintiff's motions were finalized and ready for filing in advance of the 4:30 p.m. deadline, but counsel experienced technical difficulties hyperlinking the motions.[17] Counsel worked on the technical issue through the deadline and filed the motions once it was resolved.[18] While hyperlinking is not required, it is encouraged under local rule DUCivR 7-5(a) as a convenience for the court. For complex motions containing numerous citations to the docket and legal

---

[11] *Id*. at 700-701 (internal quotations omitted).

[12] *Id*. at 701 (internal quotations omitted).

[13] *Id.* (internal quotations omitted).

[14] *Id.* at 701 n.2 (internal quotations omitted).

[15] *Id*. (internal quotations omitted).

[16] *Id*. at 700 (internal quotations omitted).

[17] Motion for Extension of Time at 3.

[18] *Id*.

authorities (such as Plaintiff's dispositive and expert motions), this convenience is greatly appreciated and, in certain circumstances, is an essential tool for the speedy resolution of the motions. Given the local rule's encouragement of hyperlinking and the nature of Plaintiff's motions, it was reasonable for counsel to ensure the motions were hyperlinked before their filing. Because the technical issue encountered in hyperlinking the motions was beyond Plaintiff's control and caused the motion's late filing, good cause exists to extend the deadline and permit the untimely filings.

Plaintiff's untimely filing of its dispositive and expert motions is also excusable. The motions were untimely filed by less than three hours. This delay is de minimis. It has no legitimate adverse impact on the proceedings and causes no prejudice to Defendant. The untimely filings are also not indicative of repeated dilatory conduct by Plaintiff. The record reflects no other instances in which Plaintiff made an untimely filing that was challenged. And all other extensions to deadlines in the case were either stipulated or requested by Defendant.[19] Additionally, the reasons for the delayed filings were beyond Plaintiff's control[20] and Plaintiff acted in good faith by diligently working through the technical issue with hyperlinking and filing the motions once it was resolved. Under these circumstances,[21] extending the deadline to permit the untimely filings is supported by excusable neglect.

---

[19] Stipulated Motion to Extend Remaining Deadlines, docket no. 26, filed Aug. 23, 2021; Stipulated Motion to Extend Expert Discovery, docket no. 24, filed July 7, 2021; Stipulated Motion to Extend Expert Counter Report Deadline, docket no. 22, filed June 2, 2021; Defendant's Motion to Extend Expert Discovery & Associated Deadlines, docket no. 17, filed Apr. 14, 2021.

[20] Motion for Extension of Time at 3; *Supra* at 3-4.

[21] It is curious that Defendant took the time to file its Motion to Strike given these circumstances and that Defendant also filed its motion to disqualify Plaintiff's expert after the 4:30 p.m. deadline. Defendant's Rule 56 Motion for Summary Judgment Disqualifying Plaintiff's Expert Witness (Rick Hoffman), docket no. 31, filed Sept. 27, 2021, at 4:36 p.m.

Therefore, Defendant's Motion to Strike[22] is DENIED, and Plaintiff's Motion for Extension of Time[23] is GRANTED. Plaintiff's dispositive and expert motions will be permitted.

### A stay of Defendant's response deadlines is unnecessary and extension of the deadlines is premature

Defendant Motion to Stay seeks to stay the deadline for response to Plaintiff's dispositive and expert motions pending ruling on the Motion to Strike, and alternatively, seeking extension of the time to respond by 14 days. Plaintiff's dispositive and expert motions have been pending for three days—since September 27, 2021. Defendant's deadline to respond to Plaintiff's dispositive motion is October 25, 2021,[24] and the deadline to respond to Plaintiff's expert motions is October 11, 2021.[25] Defendant's Motion to Strike has been pending for two days—since September 28, 2021.

Given that the Motion to Strike has now been denied,[26] a stay of Defendant's response deadlines is unnecessary. Additionally, given the short pendency of the Motion to Strike and Plaintiff's dispositive and expert motions, it appears that Defendant has sufficient time to prepare and file responses to Plaintiff's motions within the respective deadlines. Defendant does not, at this time, offer a sufficient good cause basis for a 14-day extension of time for its responses. This is because Defendant's Motion to Stay is primarily premised on an assumption that disposition of the Motion to Strike would take "sever weeks."[27] This assumption proved incorrect. Defendant does assert that counsel will be out of the office from October 5, 2021, through October 15,

---

[22] Docket no. 36, filed Sept. 28, 2021.

[23] Docket no. 38, filed Sept. 29, 2021.

[24] DUCivR 7-1(b)(3)(A).

[25] *Id*. at 7-1(b)(3)(B)

[26] *Supra* at 2-5.

[27] Motion to Stay at 5.

2021, for a previously planned out-of-state tip.[28] However, Defendant's response deadlines are still 11 and 25 days away. And it is not clear from the Motion to Stay that Defendant will be unable to meet these deadlines as a result of the previously planned trip. Therefore, the Motion to Stay[29] is DENIED as premature.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion to Strike[30] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time[31] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Stay[32] is DENIED. However, Defendant may seek extension of its response deadlines by later motion showing good cause for such extension.

Signed September 30, 2021.

BY THE COURT

_____
Paul Kohler
United States Magistrate Judge

---

[28] *Id*. at 6.

[29] Docket no. 39, filed Sept. 29, 2021.

[30] Docket no. 36, filed Sept. 28, 2021.

[31] Docket no. 38, filed Sept. 29, 2021.

[32] Docket no. 39, filed Sept. 29, 2021.