THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba<br>HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF EXPERT JAY D. ADKISSON**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from alleged fraudulent payments made by RaPower-3, LLC ("RaPower") to Defendant to provide legal representation to RaPower solar lens purchasers.[1] Plaintiff seeks to exclude Defendant's expert Jay D. Adkisson ("Motion").[2] Plaintiff argues that Mr. Adkisson and his report were not timely disclosed, and that Mr. Adkisson's expert opinions usurp the fundamental province of the judge (to define the governing law ) and jury (to find the facts, apply the governing law to the facts, and determine which party is entitled to relief).[3]

Because Mr. Adkisson's expert opinions are impermissible legal analysis which attempt to usurp the role of judge and jury, they are unhelpful under FED. R. EVID. 702. Therefore, Plaintiff's Motion[4] is GRANTED.

---

[1] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9, docket no. 2, filed Oct. 31, 2019.

[2] Receiver's Motion to Exclude Proposed Expert Jay D. Adkisson ("Motion"), docket no. 34, filed Sept. 27, 2021.

[3] *Id.* at 4-10.

[4] Docket no. 34, filed Sept. 27, 2021.

## DISCUSSION

### Plaintiff is not prejudiced by the timing of Mr. Adkisson and his report's disclosure

As an initial matter, Plaintiff argues that Mr. Adkisson and his report were not timely disclosed.[5] Under FED. R. CIV. P. 37(c)(1), "[i]f a party fails to . . . identify a witness as required by [FED. R. CIV. P.] 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[6]

Defendant disclosed Mr. Adkisson as an expert on February 19, 2021,[7] the deadline to disclose counter experts.[8] The disclosure indicates that "Mr. Adkisson is expected to testify on the topics of voidable transfers, creditor/debtor issues and the position of the Plaintiff in this case as a 'creditor.'"[9] Plaintiff argues that Mr. Adkisson is offering opinions on issues for which Defendant bears the burden of proof and as such should have been disclosed on January 29, 2021.[10] Plaintiff further argues that even if considered a counter expert, Mr. Adkisson's report was untimely disclosed on June 4, 2021.[11]

Depending on whether actual fraud is established by Plaintiff, certain opinions within Mr. Adkisson's report pertain to issues on which Plaintiff or Defendant will bear the burden proof. For example, Mr. Adkisson opines that the debtor received a reasonably equivalent value from

---

[5] Motion at 8-10.

[6] FED. R. CIV. P. 37(c)(1).

[7] Defendant's Rule 26(a)(2) Expert Disclosure ("Expert Disclosure") at 1-2, docket no. 16, filed Feb. 19, 2021.

[8] Scheduling Order § 4.b. at 3, docket no. 12, filed Apr. 10, 2020.

[9] Expert Disclosure at 2.

[10] Motion at 8-10; Scheduling Order § 4.a. at 3.

[11] Motion at 8-10.

Defendant in exchange for the payment of attorney's fees.[12] Under the Utah Fraudulent Transfer Act, a transfer made without receiving a reasonably equivalent value in exchange is an element of a fraudulent transfer claim under a constructive fraud theory[13] or insolvency theory[14] that must be proved by the plaintiff. However, if actual fraud is established by the plaintiff, good faith and reasonably equivalent value are a defense for which the defendant bears the burden of proof.[15] Mr. Adkisson should have been disclosed on January 29, 2021, for the issues on which Defendant bears the burden of proof. And his report on these issues should have been disclosed on March 24, 2021. But his disclosure as a counter expert on February 19, 2021, was timely for the issues on which Plaintiff bears the burden of proof. And his report was timely disclosed on June 4, 2021,[16] as an expert counter report on these issues. Therefore, the disclosure of Mr. Adkisson and his report may be considered as both timely and untimely.

Nevertheless, Plaintiff is not prejudiced by the timing of Defendant's disclosure of Mr. Adkisson and his report. Defendant disclosed the report on June 4, 2021, more than eight months in advance of the March 28, 2022 trial date.[17] On April 26, 2021, the deadline for the disclosure of expert counter reports was extended to June 4, 2021, with instruction that "[t]he parties are to work to obtain an agreed date for taking the deposition of Plaintiff's expert, which takes into account Plaintiff's concerns with the deposition occurring prior to the receipt of Defendant's

---

[12] Defendant's Fed. R. Civ. P. 26(a)(2) Expert Report Disclosure ("Adkisson Report") at 1, 6-9, docket no. 34-1, filed Sept. 27, 2021.

[13] Utah Code Ann. § 25-6-202(1)(b), (3) (formerly numbered as Utah Code Ann. § 25-6-5(1)(b), (3)).

[14] Id. § 25-6-203(1), (3) (formerly numbered as Utah Code Ann. § 25-6-6(1), (3)).

[15] Id. § 25-6-304(1) (formerly numbered as Utah Code Ann. § 25-6-9(1)).

[16] Order Granting Motion to Extend Discovery & Associated Deadlines ¶ a at 1, docket no. 21, filed Apr. 26, 2021 (extending the deadline for all expert counter reports to June 4, 2021).

[17] Order Granting Motion to Extend Remaining Deadlines at 2, docket no. 27, filed Aug. 24, 2021.

expert's report."[18] The deadlines for the last day of expert discovery, filing dispositive motions, and filing motions to exclude expert testimony.[19] These extensions afforded Plaintiff sufficient time to obtain, review, and prepare for the opinions within Mr. Adkisson's report. Indeed, more two months after the disclosure of Mr. Adkisson's report, the parties stipulated to further extensions of the deadlines for dispositive motions and motions to exclude expert testimony, and of the trial date.[20] And Plaintiff did not seek extension of time to designate an expert to counter Mr. Adkisson's report despite stipulating to these extensions.

Under these circumstances, Plaintiff is not prejudiced by the timing of Defendant's disclosure of Mr. Adkisson and his report. And regardless, as discussed below, Mr. Adkisson's expert opinions are inadmissible. Defendant's failure to timely disclose Mr. Adkisson and his report for the issues on which Defendant bears the burden of proof is harmless.[21]

### Mr. Adkisson's expert opinions are impermissible legal analysis which attempt to usurp the role of judge and jury

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[22] In making these determinations, the district court is given "broad latitude."[23] But the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[24] Excluding expert testimony is the exception rather than the

---

[18] Order Granting Motion to Extend Discovery & Associated Deadlines ¶ a at 1.

[19] *Id*. ¶¶ b-d at 1-2.

[20] Stipulated Motion to Extend Remaining Deadlines, docket no. 26, filed Aug. 23, 2021; Order Granting Motion to Extend Remaining Deadlines at 1-2.

[21] FED. R. CIV. P. 37(c)(1).

[22] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[23] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

[24] *Daubert*, 509 U.S. at 588.

rule.[25] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[26] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[27]

FED. R. EVID. 702 governs the admissibility of expert testimony. The Rule requires, among other things, that "the evidence or testimony [of an expert] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'"[28] "This condition goes primarily to relevance."[29] Relevant evidence has any tendency to make a fact of consequence in determining a case more or less probable than it would be without the evidence.[30] Thus, "an expert's testimony must provide insight and understanding about the facts and issues of the case."[31]

But the helpfulness of testimony is not without constraint. The district court "must also consider. . . whether the expert['s opinions] encroach[] upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability."[32] The Tenth Circuit Court of Appeals has recognized that:

> A witness cannot be allowed to give an opinion on a question of law. . . . In order to justify having courts resolve disputes between litigant, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . . To allow anyone other than the judge to state the law would violate the basic

---

[25] FED. R. EVID. 702 Advisory Notes.

[26] *Daubert*, 509 U.S. at 596.

[27] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

[28] *Daubert*, 509 U.S. at 591 (quoting FED. R. EVID. 702).

[29] *Id.*

[30] FED. R. EVID. 401.

[31] *Whatcott v. City of Provo*, No. 2:01-cv-00490-DB, 2003 WL 26101357, *2 (D. Utah June 2, 2003).

[32] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.[33]

"The concern that an expert should not be allowed to instruct the jury is also emphasized in FED. R. EVID. 704, which allows witnesses to give their opinions on ultimate issues."[34] "While testimony on ultimate facts is authorized under Rule 704, . . . testimony on ultimate questions of law is not favored."[35] "The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case."[36] But not all testimony regarding legal issues is inadmissible.

"[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible."[37] "[A] witness may [also] properly be called upon to aide the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms."[38] Thus, "an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function."[39] But "when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed."[40] "In no

---

[33] *Id*. (quoting Stoebuck, *Opinions on Ultimate Facts: Status, Trends, and a Note of Caution*, 41 Den. L. Cent. J. 226, 237 (1964)).

[34] *Id*.

[35] *Id*. at 808.

[36] *Id*.

[37] *Id*. at 809.

[38] *Id*.

[39] *Id*. at 809-810.

[40] *Id*. at 810.

instance can a witness be permitted to define the law of the case."[41] Nor may a witness be

"allowed to instruct the jury on how it should decide the case."[42] "[A]n expert is not to opine on

the weight of the facts or take a principal role in sifting, weighing and reciting them for the

jury."[43] Such impermissible testimony is not helpful under FED. R. EVID. 702.

 Mr. Adkisson's expert opinions are the type of impermissible legal analysis that must be

excluded as attempts to usurp the role of judge and jury. He opines:

(1) the attorney's fees that Defendant received from the debtor are not voidable, per Utah Code Ann. § 25-6-304(7);[44]

(2) the debtor received a reasonably equivalent value from Defendant in exchange for the payment of attorney's fees, per Utah Code Ann. § 25-6-203(1);[45]

(3) Defendant was acting in good faith and gave reasonably equivalent value for the attorney's fees that were received from the debtor, per Utah Code Ann. § 25-6-304(1);[46]

(4) As a good faith transferee, Defendant is entitled to retain the interest in the asset transferred (the attorney's fees), per Utah Code Ann. § 25-6-304(4);[47] and

(5) As to the ultimate issue in this case, the transfers to Defendant for services that were performed are not voidable.[48]

Mr. Adkisson's report reads like a legal brief seeking dismissal or summary judgment on

Plaintiff's claims. He quotes statutory language, cites to and discusses the analysis and holdings

of case law, and then he applies this legal authority to selected facts and evidence to reach legal

---

[41] *Id.*

[42] *Id.* at 808.

[43] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-EJF, 2015 WL 4949097, *5 (D. Utah Aug. 19, 2015).

[44] Adkisson Report at 2-6.

[45] *Id.* at 6.

[46] *Id.* at 6-8.

[47] *Id.* at 8-9.

[48] *Id.* at 9.

conclusions. His expert opinions are nothing more than legal analysis aimed at instructing on the law, how the facts and evidence should be applied to the law, and how the case should ultimately be decided.

"[T]he judge is the sole arbiter of the law and its applicability."[49] And "[o]nly evidence can establish proof, only the jury can find facts and decide issues . . . and only the attorneys in the case can argue about the meaning of the evidence."[50] Mr. Adkisson's expert opinions impermissibly invade these fundamental roles of the judge and jury, and are not helpful under FED. R. EVID. 702. Therefore, Mr. Adkisson must be excluded from testifying in this case.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[51] is GRANTED. Defendant's expert Jay D. Adkisson is excluded from testifying in this case.

Signed December 3, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[49] *Specht*, 853 F.2d at 807.

[50] *Rowe*, 2015 WL 4949097, *5.

[51] Docket no. 34, filed Sept. 27, 2021.