THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF EXPERT DERK G. RASMUSSEN**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from alleged fraudulent payments made by RaPower-3, LLC ("RaPower") to Defendant to provide legal representation to RaPower solar lens purchasers ("Oregon Lens Purchasers").[1] Plaintiff seeks to exclude certain opinions and testimony of Defendant's expert Derk G. Rasmussen ("Motion").[2] Specifically, Plaintiff seeks to preclude Mr. Rasmussen from opining or testifying to his "understanding" that (1) overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower; (2) Defendant provided value to RaPower in representing the Oregon Lens Purchasers; and (3) RaPower believed its technology was feasible.[3]

Mr. Rasmussen was designated to offer expert testimony "on the topics of the Receiver Defendants' financial condition at all times relevant to this case, including whether or not Receiver Defendants were insolvent at the time of the transfers at issue in this case."[4] Mr.

---

[1] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9, docket no. 2, filed Oct. 31, 2019.

[2] Receiver's Motion to Exclude Improper Testimony of Proposed Expert Derk G. Rasmussen ("Motion"), docket no. 33, filed Sept. 27, 2021.

[3] *Id*. at 2-3.

[4] Defendant's Rule 26(a)(2) Expert Disclosure at 2, docket no. 16, filed Feb. 19, 2021.

Rasmussen's challenged opinions and proposed testimony have no valid connection to, and are not helpful in understanding, the financial analysis and opinions for which he was designated. Mr. Rasmussen is also not qualified to opine that overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower. And this lack of qualification, combined with a complete lack of expert analysis, fundamentally undercut the reliability of any opinion Mr. Rasmussen has regarding the value that Defendant provided to RaPower in representing the Oregon Lens Purchasers. Additionally, Mr. Rasmussen may not offer opinions regarding RaPower's belief or subjective intent. Therefore, Plaintiff's Motion[5] is GRANTED.

## DISCUSSION

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[6] In making these determinations, the district court is given "broad latitude."[7] But the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[8] Excluding expert testimony is the exception rather than the rule.[9] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[10] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[11]

---

[5] Docket no. 33, filed Sept. 27, 2021.

[6] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[7] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

[8] *Daubert*, 509 U.S. at 588.

[9] FED. R. EVID. 702 Advisory Notes.

[10] *Daubert*, 509 U.S. at 596.

[11] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert*, 509 U.S. at 596).

FED. R. EVID. 702 governs the admissibility of expert testimony. The Rule requires, among other things, that "the evidence or testimony [of an expert] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'"[12] "This condition goes primarily to relevance."[13] Relevant evidence has any tendency to make a fact of consequence in determining a case more or less probable than it would be without the evidence.[14] Thus, "an expert's testimony must provide insight and understanding about the facts and issues of the case."[15]

But the helpfulness of an expert's testimony is not without constraint. A two-step analysis is implemented to determine whether an expert's opinions are admissible under Rule 702.[16] First, is a determination of whether the expert is qualified by "knowledge, skill, experience, training, or education" to render the opinion.[17] And second, is a determination of whether the expert's opinions are "reliable."[18] Opinions for which an expert is not qualified to offer, or which are not reliable, must be excluded.

### Mr. Rasmussen's challenged opinions and proposed testimony have no valid connection to, and are not helpful in understanding, the financial analysis and opinions for which he was designated

Defendant designated Mr. Rasmussen as an expert "testify[ing] on the topics of the Receiver Defendants' financial condition at all times relevant to this case, including whether or not Receiver Defendants were insolvent at the time of the transfers at issue in this case."[19]

---

[12] *Daubert*, 509 U.S. at 591 (quoting FED. R. EVID. 702).

[13] *Id*.

[14] FED. R. EVID. 401.

[15] *Whatcott v. City of Provo*, No. 2:01-cv-00490-DB, 2003 WL 26101357, *2 (D. Utah June 2, 2003).

[16] *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[17] *Id*. (quoting FED. R. EVID. 702).

[18] *Id*.

[19] Defendant's Rule 26(a)(2) Expert Disclosure at 2, docket no. 16, filed Feb. 19, 2021.

Plaintiff's Motion does not seek to exclude Mr. Rasmussen's opinions on these topics. Rather, the Motion seeks to exclude Mr. Rasmussen's opinions and proposed testimony that (1) overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower; (2) Defendant provided value to RaPower in representing the Oregon Lens Purchasers; and (3) RaPower believed its technology was feasible.[20]

Mr. Rasmussen's challenged opinions and proposed testimony appear in the section of his Report entitled "Ex-ante vs ex-post information."[21] Specifically, Mr. Rasmussen's Report states:

> The deposition transcript of RaPower that was taken on June 30, 2017, provides evidence of RaPower's opinion that its technology was feasible and that its marketing, operations and accounting were honest.
>
> ***
>
> [I]f anything needed to change with the way RaPower marketed its products that would be decided by the Court. During the period at issue, it is my understanding that the only state to challenge the tax benefits claimed by lens purchasers was Oregon. Additionally, it is my understanding that the issues presented in Oregon tax court overlapped with issues that were being discussed in federal court. In fact, I noted that there were several trial exhibits used in the federal case which were related to the Oregon litigation. If the court in Oregon concluded that the tax benefits claimed were legitimate, it would positively affect RaPower's arguments in federal court. The benefits and impacts of the Oregon litigation was discussed with the Receiver in his deposition[.]
>
> ***
>
> In light of the foregoing, it is my understanding that during the relevant period RaPower believed its technology was feasible, that the tax benefits claimed by customers were appropriate, and that it would prevail in court on these issues if challenged.[22]

---

[20] Motion at 2-3.

[21] Expert Report of Derk G. Rasmussen ("Report") at 6-7, docket no. 33-1, filed Sept. 27, 2021.

[22] *Id*. at 6-7.

Mr. Rasmussen's basis for including these opinions and proposed testimony is that "the three solvency tests consider only information that was known at the time the alleged fraudulent transfers were made[.]"[23] Mr. Rasmussen concluded the "Ex-ante vs ex-post information" section of this Report stating: "With consideration of the foregoing background, in the following sections I present my analysis of and opinions regarding each test and my evaluation and critique of [Plaintiff's expert's] analysis."[24]

There is no question that Mr. Rasmussen's challenged opinions and proposed testimony are relevant to disputed issues in this case. But the challenged opinions and proposed testimony must still have a valid connection to the financial analysis and opinions for which Mr. Rasmussen was designated as an expert. The Supreme Court has posed an example that demonstrates the problem with such expert opinions and testimony:

> The study of the phases of the moon, for example, may provide valid scientific "knowledge" about whether a certain night was dark, and if darkness is a fact in issue, the knowledge will assist the trier of fact. However (absent creditable grounds supporting such a link), evidence that the moon was full on a certain night will not assist the trier of fact in determining whether an individual was unusually likely to have behaved irrationally on that night.[25]

"The consideration has been aptly described . . . as one of 'fit.'"[26] "'Fit' is not always obvious, and . . . validity for one purpose is not necessarily . . . validity for other, unrelated purposes."[27] "Rule 702's 'helpfulness' standard requires a valid . . . connection to the pertinent inquiry as a precondition to admissibility."[28]

---

[23] *Id*. at 6.

[24] *Id*. at 7.

[25] *Daubert*, 509 U.S. at 591.

[26] *Id*.

[27] *Id*.

[28] *Id*. at 591-592.

Mr. Rasmussen's challenged opinions and proposed testimony are an improper attempt to expand the scope of his expert designation and have him testify to matters that are not relevant to the financial analysis and opinions for which he was designated. They are opinions regarding and inferences drawn from selected evidence that Mr. Rasmussen characterizes as "background" for his financial analysis and opinions.[29] However, Mr. Rasmussen fails to provide a sufficient credible ground to support a link between the challenged opinions and proposed testimony and the financial analysis and opinions for which he was designated.

Mr. Rasmussen's Report contains no reference to the challenged opinions and proposed testimony, other than in its "Ex-ante vs ex-post information" section.[30] And the Report contains no discussion or explanation of how the challenged opinions and proposed testimony have any effect on Mr. Rasmussen's opinions regarding the three solvency tests or his evaluation and critique of Plaintiff's expert. That the three solvency tests consider only information known at the time of the alleged fraudulent transfers is not a sufficient basis to permit Mr. Rasmussen to opine on or draw inference from any matters that occurred within that timeframe. His opinions and testimony must have some valid connection to the financial analysis and opinions for which he was designated as an expert to be admissible under Rule 702. His challenged opinions and proposed testimony do not.

Because Mr. Rasmussen's challenged opinions and proposed testimony have no valid connection to, and are not helpful in understanding, the financial analysis and opinions for which he was designated, they are not admissible under Rule 702. Therefore, Mr. Rasmussen is precluded from opining or testifying to it is his "understanding" from the evidence that

---

[29] Report at 7.

[30] *Id*. at 6-7.

(1) overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower; (2) Defendant provided value to RaPower in representing the Oregon Lens Purchasers; and (3) RaPower believed its technology was feasible.

To be clear, Mr. Rasmussen may still refer to and draw inferences from evidence in relation to his opinions which Plaintiff did not seek to exclude. For example, Mr. Rasmussen may reference Defendant's billing records when offering his opinion regarding the appropriate timeframe for evaluating RaPower's solvency.[31] He may also reference the billing records when opining that Plaintiff's expert failed to perform a sufficient solvency analysis by, among other thing, failing to review such records "to account for . . . overlap between the work performed for Oregon [L]ens [P]urchasers and the ongoing federal case [involving RaPower]."[32] But Mr. Rasmussen may not opine or testify that it is his "understanding" from the evidence that such an overlap existed. Likewise, Mr. Rasmussen may not opine or testify that it is his "understanding" from the evidence that Defendant provided value to RaPower in representing the Oregon Lens Purchasers, or that RaPower believed its technology was feasible.

### Mr. Rasmussen is not qualified to opine that overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower

Regardless of the absence of a valid connection between Mr. Rasmussen's challenged opinions and testimony and the financial analysis and opinions for which he was designated as an expert, Mr. Rasmussen is not qualified to opine that overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower. To offer such an opinion would require an expert to have specialized knowledge and expertise in the relevant law and

---

[31] *Id*. at 4.

[32] *Id*. at 3.

litigation. Mr. Rasmussen is a Certified Public Accountant,[33] not an attorney.[34] And nothing in his qualifications suggest that he the possesses the requisite knowledge, skill, experience, training, or education to render an opinion regarding the existence of overlapping issues involved in litigation.

Because Mr. Rasmussen is not qualified to opine that overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower, he is precluded from doing so in this case.

**Mr. Rasmussen's opinion that Defendant provided value to RaPower is not reliable**

Mr. Rasmussen opines in his Report regarding the benefits and impacts of the Oregon Lens Purchasers' cases on the federal cases involving RaPower.[35] This opinion is premised entirely on his opinion that overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower and selected testimony from Plaintiff's deposition.[36]

Mr. Rasmussen's qualifications in financial matters could potentially permit him to offer an opinion regarding a value that Defendant provided to RaPower. But without any foundation of the legal relationship of a state tax determination to a federal tax case, his financial expertise could not be applied. The opinion he offers is also not based on his knowledge, skill, experience, training, or education in financial matters. It is based on matters for which Mr. Rasmussen is not qualified as an expert.[37]

---

[33] *Id*. at 20-21.

[34] *Id*. at 10.

[35] *Id*. at 7.

[36] *Id*.

[37] *Supra* Discussion at 7-8.

The deposition testimony Mr. Rasmussen relies on is Plaintiff recounting what *motivations* RaPower may have had for making the transfers to Defendant based on the testimony and documents Plaintiff had heard and read.[38] Mr. Rasmussen did not and could not perform any actual analysis to render his opinion regarding value provided by Defendant. And he was not designated to offer such an opinion.

Any opinion Mr. Rasmussen has regarding the value that Defendant provided to RaPower in representing the Oregon Lens Purchasers is not reliable. Therefore, Mr. Rasmussen is precluded from opining on the value that Defendant provided to RaPower in representing the Oregon Lens Purchasers.

**Mr. Rasmussen may not offer opinions regarding RaPower's belief or subjective intent**

Mr. Rasmussen opines in his Report that RaPower believed its technology was feasible.[39] "Rule 702 does not allow an expert witness to speculate as to the intent or state of mind of [another]."[40] But the Tenth Circuit Court of Appeals has recognized that "the rules do not prevent an expert from drawing conclusions about intent, so long as the expert does not profess to know a[nother's] intent."[41] Nevertheless, "[e]xpert opinions 'on the intent, motives, or states of mind of corporations . . . have no basis in any relevant body of knowledge or expertise.'"[42]

---

[38] Report at 7.

[39] *Id*. at 6-7.

[40] *Pinon Sun Condo Ass'n, Inc. v. Atain Specialty Ins. Co.*, No. 17-cv-01595-CMA-NRN, 2020 WL 1452166, *8 (D. Colo. Mar. 25, 2020) (citing *DePaepe v. Gen. Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998)).

[41] *United States v. Schneider*, 704 F.3d 1287, 1294 (10th Cir. 2013).

[42] *N. Nat. Gas Co. v. L.D. Drilling, Inc.*, 405 F. Supp. 3d 981, 1011 (D. Kan. 2019) (quoting *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D. N.Y. 2004)).

Thus, courts "generally exclude expert testimony that directly attempts to state a corporat[ion's] state of mind."[43]

Mr. Rasmussen's opinion regarding RaPower's belief is based on selected deposition testimony from RaPower and Plaintiff.[44] But this scant evidence is not sufficient to raise Mr. Rasmussen's opinion beyond speculation. Moreover, Mr. Rasmussen does not purport to have any specialized knowledge or expertise in corporate policy, strategy, or state of mind, or in solar lens technology. While certain evidence may support that some individuals within RaPower believed its technology was feasible, it is the jury's role to determine RaPower's state of mind based on its weighing of all the evidence.[45] Therefore, Mr. Rasmussen is precluded from opining that RaPower believed its technology was feasible.

---

[43] *Id*. (citing *Tyree v. Boston Scientific Corp.*, 54 F. Supp. 3d 501, 564 (S.D. W.Va. 2014); *Johnson v. Wyeth, LLC*, No. CV 10-02690-PHX-FJM, 2012 WL 1204081, *3 (D. Ariz. Apr. 11, 2012)).

[44] Report at 6-7.

[45] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-EJF, 2015 WL 4949097, *5 (D. Utah Aug. 19, 2015) ("[A]n expert is not to opine on the weight of the facts or take a principal role in sifting, weighing and reciting them for the jury.").

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion[46] is GRANTED. Defendant's expert Derk G. Rasmussen is precluded from offering opinions or testifying to his "understanding" that (1) overlapping issues existed between the Oregon Lens Purchasers' cases and federal cases involving RaPower; (2) Defendant provided value to RaPower in representing the Oregon Lens Purchasers; and (3) RaPower believed its technology was feasible.

Signed December 13, 2021.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[46] Docket no. 33, filed Sept. 27, 2021.