THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXCLUDE TESTIMONY OF EXPERT MATTHEW M. BOLEY**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from alleged fraudulent payments made by RaPower-3, LLC ("RaPower") to Defendant to provide legal representation to RaPower solar lens purchasers ("Oregon Lens Purchasers") in tax litigation ("Oregon Tax Litigation").[1] Plaintiff seeks to exclude Defendant's expert Matthew M. Boley ("Motion").[2] Plaintiff argues that Mr. Boley and his report were not timely disclosed, and that Mr. Boley's expert opinions usurp the fundamental province of the judge (to define the governing law) and jury (to find the facts, apply the governing law to the facts, and determine which party is entitled to relief).[3]

Mr. Boley was designated to offer expert testimony "on the topics of bankruptcy, insolvency[,] and creditor-debtor issues."[4] Mr. Boley's Report identifies four primary opinions which he intends to offer:

---

[1] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9, docket no. 2, filed Oct. 31, 2019.

[2] Receiver's Motion to Exclude Proposed Expert Matthew M. Boley ("Motion"), docket no. 35, filed Sept. 27, 2021.

[3] *Id.* at 3-7

[4] Defendant's Rule 26(a)(2) Expert Disclosure ("Expert Disclosure") at 2, docket no. 16, filed Feb. 19, 2021.

1. The alleged fraudulent transfers satisfy an antecedent debt due and owing by or from RaPower to Defendant;[5]

2. RaPower and the Oregon Lens Purchasers shared common interest in the outcome of the Oregon Tax Litigation, and Defendant was not ethically barred from concurrently representing them;[6]

3. RaPower received substantial value and benefit from the legal services provided by Defendant to the Oregon Lens Purchasers in the Oregon Tax Litigation—at least equal to the amount of the alleged fraudulent transfers;[7] and

4. The amounts Defendant charged RaPower for legal services in connection with the Oregon Tax Litigation, and the amounts RaPower paid Defendant, were reasonable—the value provided by Defendant and received by RaPower was at least equal to the amount of the alleged fraudulent transfers;[8]

These opinions include impermissible legal analysis which, if admitted, would usurp the role of judge and jury. Specifically, Mr. Boley's following opinions are unhelpful and inadmissible under FED. R. EVID. 702:

- that the alleged fraudulent transfers satisfy an antecedent debt;
- that Defendant was not ethically barred from concurrently representing RaPower and the Oregon Lens Purchasers;
- that RaPower received at least equal value in exchange for the legal services Defendant provided in the Oregon Tax Litigation; and
- that the amounts Defendant charged and RaPower paid for the legal services Defendant provided in the Oregon Tax Litigation were reasonable.

Additionally, Mr. Boley's Report fails to sufficiently identify the facts and expert analysis supporting his opinions that RaPower and the Oregon Lens Purchasers shared common interest in the outcome of the Oregon Tax Litigation, and that RaPower received value and

---

[5] Opinion Witness Report of Matthew M. Boley ("Report") at 9-10, docket no. 35-1, filed Sept. 27, 2021.

[6] *Id*. at 10-11.

[7] *Id.* at 11-12.

[8] *Id*. at 12-13.

benefited from the legal services Defendant provided in the Oregon Tax Litigation. These opinions are inadmissible under FED. R. EVID. 702 because they are not reliable.

Mr. Boley's Report also includes a discussion of facts relating to the reasonableness of the amounts Defendant charged and RaPower paid for the legal services Defendant provided in the Oregon Tax Litigation. But because the reasonableness of the amounts charged and paid is not disputed and Mr. Boley is precluded from opining that the amounts were reasonable, such testimony is inadmissible because it is not relevant.

Therefore, Plaintiff's Motion[9] is GRANTED.

**Contents**
DISCUSSION ................................................................................................................................ 3
    Plaintiff is not prejudiced by the timing of Mr. Boley and his Report's disclosure ........... 3
    Mr. Boley's expert opinions include impermissible legal analysis which attempt to usurp the role of judge and jury ....................................................................................... 6
    Mr. Boley's Report opinions regarding the existence of common interests among the litigation and value received by RaPower are not reliable ................................... 10
    Mr. Boley's discussion of facts regarding the reasonableness of the amounts Defendant charged and RaPower paid is not relevant ........................................................... 12
ORDER ........................................................................................................................................ 14

## DISCUSSION

**Plaintiff is not prejudiced by the timing of Mr. Boley and his Report's disclosure**

As an initial matter, Plaintiff argues that Mr. Boley and his report were not timely disclosed.[10] Under FED. R. CIV. P. 37(c)(1), "[i]f a party fails to . . . identify a witness as required by [FED. R. CIV. P.] 26(a) or (e), the party is not allowed to use that . . . witness to supply

---

[9] Docket no. 35, filed Sept. 27, 2021.

[10] *Id.* at 8-10.

evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[11]

Defendant disclosed Mr. Boley as an expert on February 19, 2021,[12] the deadline to disclose counter experts.[13] The disclosure indicates that "Mr. Boley is expected to testify on the topics of bankruptcy, insolvency[,] and creditor-debtor issues."[14] Plaintiff argues that Mr. Boley is offering opinions on issues for which Defendant bears the burden of proof and as such should have been disclosed on January 29, 2021.[15] Plaintiff further argues that even if considered a counter expert, Mr. Boley's Report was untimely disclosed on June 4, 2021.[16]

Depending on whether actual fraud is established by Plaintiff, certain opinions within Mr. Boley's Report pertain to issues on which Plaintiff or Defendant will bear the burden of proof. For example, Mr. Boley opines that RaPower received value and benefit from Defendant in exchange for the legal services provided to the Oregon Lens Purchasers.[17] Under the Utah Fraudulent Transfer Act, the plaintiff must prove that a transfer was made without receiving a reasonably equivalent value in exchange as an element of a fraudulent transfer claim under a constructive fraud theory[18] or insolvency theory.[19] However, if actual fraud is established by the

---

[11] FED. R. CIV. P. 37(c)(1).

[12] Expert Disclosure at 2.

[13] Scheduling Order § 4.b. at 3, docket no. 12, filed Apr. 10, 2020.

[14] Expert Disclosure at 2.

[15] Motion at 7; Scheduling Order § 4.a. at 3.

[16] Motion at 7.

[17] Report at 11-13.

[18] Utah Code Ann. § 25-6-202(1)(b), (3) (formerly numbered as Utah Code Ann. § 25-6-5(1)(b), (3)).

[19] Id. § 25-6-203(1), (3) (formerly numbered as Utah Code Ann. § 25-6-6(1), (3)).

plaintiff, good faith and reasonably equivalent value are a defense for which the defendant bears the burden of proof.[20]

Mr. Boley should have been disclosed on January 29, 2021, for the issues on which Defendant bears the burden of proof. And his Report on these issues should have been disclosed on March 24, 2021. But his disclosure as a counter expert on February 19, 2021, was timely for the issues on which Plaintiff bears the burden of proof. And his Report was timely disclosed on June 4, 2021,[21] as an expert counter report on these issues. Therefore, the disclosure of Mr. Boley and his Report may be considered as both timely and untimely.

Nevertheless, Plaintiff is not prejudiced by the timing of Defendant's disclosure of Mr. Boley and his Report. Defendant disclosed the report on June 4, 2021, more than eight months in advance of the March 28, 2022 trial date.[22] On April 26, 2021, the deadline for the disclosure of expert counter reports was extended to June 4, 2021, with instruction that "[t]he parties are to work to obtain an agreed date for taking the deposition of Plaintiff's expert, which takes into account Plaintiff's concerns with the deposition occurring prior to the receipt of Defendant's expert's report."[23] The deadlines for the last day of expert discovery, filing dispositive motions, and filing motions to exclude expert testimony were also extended.[24] These extensions afforded Plaintiff sufficient time to obtain, review, and prepare for the opinions within Mr. Boley's Report. Indeed, more two months after the disclosure of Mr. Boley's Report, the parties stipulated to further extensions of the deadlines for dispositive motions and motions to exclude

---

[20] *Id*. § 25-6-304(1) (formerly numbered as Utah Code Ann. § 25-6-9(1)).

[21] Order Granting Motion to Extend Discovery & Associated Deadlines ¶ a at 1, docket no. 21, filed Apr. 26, 2021 (extending the deadline for all expert counter reports to June 4, 2021).

[22] Order Granting Motion to Extend Remaining Deadlines at 2, docket no. 27, filed Aug. 24, 2021.

[23] Order Granting Motion to Extend Discovery & Associated Deadlines ¶ a at 1.

[24] *Id*. ¶¶ b-d at 1-2.

expert testimony, and of the trial date.[25] And Plaintiff did not seek extension of time to designate an expert to counter Mr. Boley's report despite stipulating to these extensions.

Under these circumstances, Plaintiff is not prejudiced by the timing of Defendant's disclosure of Mr. Boley and his Report. Additionally, as discussed below,[26] Mr. Boley's expert opinions are inadmissible. Defendant's failure to timely disclose Mr. Boley and his Report for the issues on which Defendant bears the burden of proof is harmless.[27]

### Mr. Boley's expert opinions include impermissible legal analysis which attempt to usurp the role of judge and jury

District courts are tasked with the responsibility of serving as the gatekeepers of expert evidence and must decide which experts may testify before the jury and the permissible scope of that testimony.[28] In making these determinations, the district court is given "broad latitude."[29] But the district court must be mindful that the Federal Rules of Evidence generally favor the admissibility of expert testimony.[30] Excluding expert testimony is the exception rather than the rule.[31] "Vigorous cross-examination, the presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking . . . admissible evidence."[32] "[T]he [district] court's role as gatekeeper is not intended to serve as a replacement for the adversary system."[33]

---

[25] Stipulated Motion to Extend Remaining Deadlines, docket no. 26, filed Aug. 23, 2021; Order Granting Motion to Extend Remaining Deadlines at 1-2.

[26] *Infra* Discussion at 6-13.

[27] FED. R. CIV. P. 37(c)(1).

[28] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[29] *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999).

[30] *Daubert,* 509 U.S. at 588.

[31] FED. R. EVID. 702 Advisory Notes.

[32] *Daubert,* 509 U.S. at 596.

[33] *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1078 (5th Cir. 1996) (citing *Daubert,* 509 U.S. at 596).

FED. R. EVID. 702 governs the admissibility of expert testimony. The Rule requires, among other things, that "the evidence or testimony [of an expert] '[help] the trier of fact to understand the evidence or to determine a fact in issue.'"[34] "This condition goes primarily to relevance."[35] Relevant evidence has any tendency to make a fact of consequence in determining a case more or less probable than it would be without the evidence.[36] Thus, "an expert's testimony must provide insight and understanding about the facts and issues of the case."[37]

But the helpfulness of testimony is not without constraint. The district court "must also consider. . . whether the expert['s opinions] encroach[] upon the trial court's authority to instruct the jury on the applicable law, for it is axiomatic that the judge is the sole arbiter of the law and its applicability."[38] The Tenth Circuit Court of Appeals has recognized that:

> A witness cannot be allowed to give an opinion on a question of law. . . . In order to justify having courts resolve disputes between litigant, it must be posited as an a priori assumption that there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . . To allow anyone other than the judge to state the law would violate the basic concept. Reducing the proposition to a more practical level, it would be a waste of time if witnesses or counsel should duplicate the judge's statement of the law, and it would intolerably confound the jury to have it stated differently.[39]

Some confusion may arise under "FED. R. EVID. 704, which allows witnesses to give their opinions on ultimate issues."[40] "While testimony on ultimate facts is authorized under Rule

---

[34] *Daubert*, 509 U.S. at 591 (quoting FED. R. EVID. 702).

[35] *Id*.

[36] FED. R. EVID. 401.

[37] *Whatcott v. City of Provo*, No. 2:01-cv-00490-DB, 2003 WL 26101357, *2 (D. Utah June 2, 2003).

[38] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988).

[39] *Id*. (quoting Stoebuck, *Opinions on Ultimate Facts: Status, Trends, and a Note of Caution*, 41 Den. L. Cent. J. 226, 237 (1964)).

[40] *Id*.

704, . . . testimony on ultimate questions of law is not favored."[41] "The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case."[42]

But not all testimony regarding legal issues is inadmissible. "[A] witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible."[43] "[A] witness may [also] properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms."[44] Thus, "an expert's testimony is proper under [FED. R. EVID. 702] if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function."[45] But "when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed."[46] "In no instance can a witness be permitted to define the law of the case."[47] Nor may a witness be "allowed to instruct the jury on how it should decide the case."[48] "[A]n expert is not to opine on the weight of the facts or take a principal role in sifting, weighing and reciting them for the jury."[49] Such impermissible testimony is not helpful under FED. R. EVID. 702.

---

[41] *Id*. at 808.

[42] *Id*.

[43] *Id*. at 809.

[44] *Id*.

[45] *Id*. at 809-810.

[46] *Id*. at 810.

[47] *Id*.

[48] *Id*. at 808.

[49] *Rowe v. DPI Specialty Foods, Inc.*, No. 2:13-cv-00708-DN-EJF, 2015 WL 4949097, *5 (D. Utah Aug. 19, 2015).

Mr. Boley's expert opinions include the type of impermissible legal analysis that must be excluded as attempts to usurp the role of judge and jury. Specifically, he opines that:

- the alleged fraudulent transfers to Defendant satisfy an antecedent debt;[50]
- Defendant was not ethically barred from concurrently representing RaPower and the Oregon Lens Purchasers;[51]
- RaPower received at least equal value in exchange for the legal services Defendant provided in the Oregon Tax Litigation;[52] and
- the amounts Defendant charged and RaPower paid for the legal services Defendant provided in the Oregon Tax Litigation were reasonable.[53]

Mr. Boley's Report in relation to these opinions reads like a legal brief arguing Defendant's case against Plaintiff's claims. Mr. Boley quotes from and cites to legal authorities and then applies these authorities to selected facts and evidence to reach legal conclusions. These opinions are nothing more than legal analysis aimed at instructing on the law, how the facts and evidence should be weighed and applied to the law, and how these issues should ultimately be decided.

"[T]he judge is the sole arbiter of the law and its applicability."[54] And "[o]nly evidence can establish proof, only the jury can find facts and decide issues . . . and only the attorneys in the case can argue about the meaning of the evidence."[55] Mr. Boley's expert opinions impermissibly invade these fundamental roles of the judge and jury, and are not helpful under FED. R. EVID. 702. Therefore, Mr. Boley is precluded from offering these opinions in this case.

---

[50] Report at 9-10.

[51] *Id.* at 10-11.

[52] *Id.* at 11-12.

[53] *Id.* at 12-13.

[54] *Specht*, 853 F.2d at 807.

[55] *Rowe*, 2015 WL 4949097, *5.

### Mr. Boley's Report opinions regarding the existence of common interests among the litigation and value received by RaPower are not reliable

Although much of Mr. Boley's Report is impermissible legal analysis, Mr. Boley's also opines that RaPower and the Oregon Lens Purchasers shared common interest in the outcome of the Oregon Tax Litigation,[56] and that RaPower received value and benefited from the legal services Defendant provided in the Oregon Tax Litigation.[57] This proposed testimony does not encroach upon the judge's role of instructing on the law. And it does not merely attempt tell the jury how to weigh the evidence and decide issues in the case.

However, to be admissible under FED. R. EVID. 702 expert testimony must be reliable.[58] To determine whether an expert's testimony is reliable requires "assess[ing] the reasoning and methodology underlying the expert's opinion."[59] The testimony must have "a reliable basis in the knowledge and experience of [the expert's] discipline."[60] It must be "based on sufficient facts or data."[61] It must be "the product of reliable principles and methods."[62] And the expert must have "reliably applied the principles and methods to the facts of the case."[63] This determination is aided by FED. R. CIV. P. 26(a)(2)(B) requirement that an expert's report contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming [those opinions]."[64]

---

[56] Report at 10-11.

[57] *Id*. at 11-12.

[58] FED. R. EVID. 702; *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001).

[59] *United States v. Rodriquez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006) (internal quotations omitted).

[60] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (internal quotations omitted).

[61] FED. R. EVID. 702(b).

[62] *Id*. at 702(c).

[63] *Id*. at 702(d).

[64] FED. R. CIV. P. 26(a)(2)(B)(i), (ii); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) ("The reports are intended not only to identify the expert witness, but also 'to set forth the substance of the direct examination.'") (quoting FED. R. CIV. P. 26(a)(2) advisory committee note (1993)).

Mr. Boley's opinions regarding the existence of common interest among litigation and value received by RaPower are not reliable. The opinions and discussion of these matters in Mr. Boley's Report are conclusory. Indeed, Mr. Boley's Report identifies these opinions as *material facts*.[65] And the foundational factual and evidentiary basis identified in the Report for the opinions is weak. He cites the following as "relevant and material facts"[66]:

- RaPower marketed and sold products to customers upon certain representations and warranties, and on the understanding that the customers would be entitled to claim tax deductions or credits.[67]

- the Equipment Purchase Agreement between RaPower and its customers contained express warranties that (a) RaPower would provide to customers all required documentation for federal, state, and local review of the products for potential tax benefits, (b) the products sold would remain in good operating condition, (c) the products were free from defects in materials and workmanship, and (d) the products would have a minimum energy production;[68]

- some of or all the Oregon Lens Purchasers requested or demanded that RaPower indemnify them and defend the Oregon Tax Litigation.[69]

- RaPower and Defendant's *view* that the Oregon Tax Litigation had many substantially identical legal and factual questions as RaPower's federal case, and that RaPower could be exposed to liability and other negative impacts by adverse rulings in the Oregon Tax Litigation[70]

- deposition testimony regarding Plaintiff's *understanding* of what *motivations* RaPower may have had for hiring and making the transfers to Defendant based on the testimony and documents Plaintiff had heard and read;[71] and

- a breakdown of the fees and expenses for the legal services provided by Defendant in the Oregon Tax Litigation, which was prepared by Defendant.[72]

---

[65] Report ¶ 10 at 5, ¶ 15 at 5, ¶ 18 at 6, ¶ 25 at 8.

[66] *Id*. at 3.

[67] *Id*. ¶ 2 at 3. The Report fails to cite any evidence to support this fact.

[68] *Id*. ¶ 3 at 3.

[69] *Id*. ¶ 5 at 4. The Report fails to cite any evidence to support this fact.

[70] *Id*. ¶ 6 at 4, ¶ 12 at 5, ¶ 18 at 6. The Report fails to cite any evidence to support these facts.

[71] *Id*. ¶ 7.b. at 4, ¶¶ 10-11 at 5, ¶ 20 at 7.

[72] *Id*. ¶ 24 at 8.

11

Mr. Boley fails to cite evidence to support many of these facts.[73] The identified language of the warranty provisions does not purport to obligate RaPower to indemnify or defend its customers in federal or state tax proceedings brough against the customers. Mr. Boley fails to identify or cite any contractual provisions or other evidence that could have obligated RaPower to indemnify or defend the Oregon Lens Purchasers in the Oregon Tax Litigation. And reliance solely on the views and beliefs of others is not a sufficient basis to render Mr. Boley's opinions reliable, particularly when documentary proof is available.

The Report does indicate that Mr. Boley reviewed pleadings and other documents related to the Oregon Tax Litigation and RaPower's federal case.[74] But it fails to sufficiently identify the methodology and analysis Mr. Boley implemented to reach his opinions. And the Report fails to identify the specific legal and factual questions which Mr. Boley (based on his specialized knowledge, training, and education) relied on to support his opinions. Therefore, Mr. Boley's opinions regarding the existence of common interests among the litigation and value received by RaPower are not the result of a reliable expert assessment of the Oregon Tax Litigation and RaPower's federal case. These opinions are not reliable and are not admissible under FED. R. EVID. 702.

### Mr. Boley's discussion of facts regarding the reasonableness of the amounts Defendant charged and RaPower paid is not relevant

Finally, Mr. Boley's Report includes discussion of facts regarding the reasonableness of the amounts Defendant charged and RaPower paid for the legal services Defendant provided in the Oregon Tax Litigation.[75] His ultimate opinions that the fees charged and paid were

---

[73] *Id*. ¶ 2 at 3, ¶¶ 5-6 at 4, ¶ 12 at 5, ¶ 18 at 6.

[74] *Id*. at 2, Ex. 3.

[75] *Id*. ¶ 19 at 6-7, ¶ 23 at 7, 12.

reasonable and that RaPower received at least equal value in exchange for the legal services are inadmissible legal analysis.[76] But his discussion of the facts in relation to relevant factors for determining reasonableness is the type of expert testimony based on "knowledge, skill, experience, training, or education" that may "help the trier of fact to understand the evidence or to determine a fact in issue."[77] Nevertheless, Mr. Boley's Report expressly states as a "relevant and material fact" that:

> Neither [RaPower] nor [Plaintiff] have raised any objection (a) to the quantity or the quality of the legal services provided by [Defendant] in connection with the Oregon Tax Litigation, or (b) to the amount of the fees and expenses charged by [Defendant] in connection with the Oregon Tax Litigation.[78]

Where the reasonableness of the fees Defendant charged and RaPower paid for the legal services Defendant provided in the Oregon Tax Litigation is not disputed, Mr. Boley's discussion of facts relating to such matters is not relevant. The discussion would not have a tendency of making any fact of consequence in the case more or less probable.[79] And the discussion would not be helpful under FED. R. EVID. 702. Therefore, Mr. Boley's discussion of the facts regarding the reasonableness of the fees Defendant charged and RaPower paid for the legal services Defendant provided in the Oregon Tax Litigation is inadmissible.

---

[76] *Supra* Discussion at 6-9.

[77] FED. R. EVID. 702.

[78] Report ¶ 26 at 8.

[79] FED. R. EVID. 401.

**ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion[80] is GRANTED. Defendant's expert Matthew M. Boley is excluded from testifying in this case.

Signed December 22, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[80] Docket no. 35, filed Sept. 27, 2021.