THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S FIRST MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from alleged fraudulent payments made by RaPower-3, LLC ("RaPower") to Defendant to provide legal representation to RaPower solar lens purchasers ("Oregon Lens Purchasers") in tax litigation ("Oregon Tax Litigation").[1] Plaintiff asserts claims against Defendant for avoidance of fraudulent transfers under the Utah Fraudulent Transfers Act ("UFTA") and unjust enrichment.[2] Defendant seeks summary judgment on Plaintiff's claim under several theories ("Motion").[3]

Genuine issues of material fact exist regarding whether Defendant provided RaPower reasonably equivalent value for the alleged fraudulent transfers. Genuine issues of material fact also exist regarding Plaintiff's unjust enrichment claim. And Defendant's other theories and legal arguments do not entitle Defendant to summary judgment on Plaintiff's claims. Therefore, Defendant's Motion[4] is DENIED.

---

[1] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9, docket no. 2, filed Oct. 31, 2019.

[2] *Id.* ¶¶ 25-51 at 9-12.

[3] Defendant's First Motion for Summary Judgment ("Motion"), docket no. 30, filed Sept. 27, 2021.

[4] *Id.*

**Contents**

DISCUSSION ........................................................................................................................... 2
    Genuine issues of material fact exist regarding whether Defendant provided RaPower reasonably equivalent value for the alleged fraudulent transfers ............................ 3
    Genuine issues of material fact exist regarding Plaintiff's unjust enrichment claim ......... 5
    Plaintiff has sufficiently identified a creditor and debtor and has standing to assert its claims against Defendant ....................................................................................... 7
    Defendant is not entitled to judgment based on the doctrine of *in pari dilecto* ................ 10
    Defendant is not entitled to judgment based on a breach of Plaintiff's fiduciary duty .... 11
ORDER ................................................................................................................................... 12

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[6] or "if a reasonable jury could return a verdict for the nonmoving party."[7] A fact is material if "it is essential to the proper disposition of [a] claim."[8] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[9]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[10] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a

---

[5] Fed. R. Civ. P. 56(a).

[6] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[8] *Adler*, 144 F.3d at 670.

[9] *Id.*

[10] *Id.* at 670-71.

*genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[11]

"The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[12]

  Defendant seeks summary judgment on Plaintiff's claims arguing:

- Defendant provided RaPower reasonably equivalent value for the alleged fraudulent transfers;[13]

- Plaintiff's unjust enrichment claim is barred by the benefit conferred on RaPower and the existence of a valid contract;[14]

- Plaintiff's Complaint fails to properly designate a creditor and debtor to support claims under the UFTA;[15]

- Plaintiff lacks standing;[16]

- Plaintiff's claims are barred by the doctrine of *in pari dilecto*;[17] and

- Plaintiff breached its fiduciary duties as a receiver.[18]

Defendant's arguments are addressed below.

### Genuine issues of material fact exist regarding whether Defendant provided RaPower reasonably equivalent value for the alleged fraudulent transfers

  The UFTA provides a defense against fraudulent transfer claims where the transferee took the transfer "in good faith and for a reasonably equivalent value."[19] "[I]n determining whether reasonably equivalent value was given, the focus is on whether the *debtor received*

---

[11] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[12] *Id.* (internal quotations omitted).

[13] Motion at 29-32.

[14] *Id*. at 32-33.

[15] *Id*. at 21-29.

[16] *Id*. at 37-43.

[17] *Id*. at 33-37.

[18] *Id*. at 43-48.

[19] Utah Code Ann. § 25-6-304(1) (formerly numbered as Utah Code Ann. § 25-6-9(1)).

reasonably equivalent value from the transfer."[20] "In other words, the question is not whether [the transferee] 'gave reasonably equivalent value; it is whether [the debtor] received reasonably equivalent value.'"[21] "The primary consideration in analyzing the exchange of value for any transfer is the degree to which the transferor's net worth is preserved."[22]

Defendant asserts that it provided RaPower with reasonably equivalent value because the legal representation of Oregon Lens Purchasers in the Oregon Tax Litigation directly addressed whether the tax savings offered by RaPower were valid.[23] Defendant further asserts that RaPower was effectively standing behind its lens purchasers, and was attempting to avoid material persuasive or preclusive legal effects on RaPower and its operations, as well as potential liability to the Oregon Lens Purchasers.[24] However, Defendant cites no evidence to support its assertions. These asserted facts are not undisputed for purposes of summary judgment.

Defendant also asserts and argues that Plaintiff admitted Defendant's services conveyed a benefit on RaPower by allowing RaPower to continue its operations.[25] Defendant's characterizations of Plaintiff's deposition testimony are not sufficient to establish the facts Defendant asserts. The characterizations are argument regarding the meaning of the deposition testimony. Regardless, the effect of such an admission does not entitle Defendant to summary judgment. Where a transferee "essentially received money for prolonging the fraud of and on the [business entity]" reasonably equivalent value is not given.[26] "It takes cheek to contend that in

---

[20] *Miller v. Wulf*, 84 F. Supp. 3d 1266, 1276 (D. Utah 2015) (emphasis in original).

[21] *Michelle Turpin & Assocs., P.C.*, 2016 WL 3661226, at *7 (quoting *Klein v. Cornelius*, No. 2:11-cv-01159-DAK, 2013 WL 6008304, at *3 (D. Utah Nov. 13, 2013)).

[22] *Klein v. Cornelius*, 786 F.3d 1310, 1321 (10th Cir. 2015).

[23] Motion at 30-31.

[24] *Id*.

[25] *Id*. at Statement of Undisputed Material Facts ¶ 29 at 11, 30-31.

[26] *Wing v. Holder*, No. 2:09-cv-00118-DB, 2010 WL 5021087, *2 (D. Utah Dec. 3, 2010).

exchange for the payments [the transferee] received[,] the [fraudulent] scheme benefited from [the transferee's] efforts to extend the fraud."[27] And particularly relevant to this case, the Tenth Circuit Court of Appeals has upheld a receiver's avoidance of attorneys' fees payments as fraudulent transfers where the attorneys' services did not benefit the receivership entity and served only to diminish the entity's assets.[28]

Genuine issues of material fact exist regarding whether reasonably equivalent value was given to RaPower for its payments to Defendant for the legal representation of the Oregon Lens Purchasers in the Oregon Tax Litigation. Therefore, Defendant is not entitled to summary judgment on this issue.

**Genuine issues of material fact exist regarding Plaintiff's unjust enrichment claim**

As an alternative to its fraudulent transfer claims, Plaintiff asserts a claim against Defendant for unjust enrichment.[29] To prevail on an unjust enrichment claim, a plaintiff must prove three elements:

> First, there must be a benefit conferred on one person by another. Second, the conferee must appreciate or have knowledge of the benefit. Finally, there must be the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.[30]

"Because unjust enrichment is designed to provide an equitable remedy where one does not exist at law, the doctrine may be invoked only when no express contract is present that governs the remedies available to an injured party."[31]

---

[27] *Id.*

[28] *Cornelius*, 786 F.3d at 1321; *Klein v. King & King & Jones*, 571 Fed. App'x 702, 704-705 (10th Cir. 2014).

[29] Complaint ¶¶ 45-51 at 11-12.

[30] *Desert Miriah, Inc. v. B & L Auto, Inc.*, 12 P.3d 580, 582 (Utah 2000) (internal citations and quotations omitted).

[31] *U.S. Fid. v. U.S. Sports Specialty*, 270 P.3d 464, 468 (Utah 2012) (internal quotations omitted).

5

Defendant argues that Plaintiff's unjust enrichment claim is barred by Plaintiff's admission that Defendant's legal services were contracted for and conferred a benefit on RaPower.[32] This argument lacks merit.

The only fact Defendant cites to support its argument is Plaintiff's deposition testimony that: "I have no reason to doubt that those in control of RaPower believed that the services [Defendant] provided the Oregon [L]ens [P]urchasers was a value and was what was contracted for."[33] Plaintiff's statement of what those in control of RaPower *may have believed* regarding Defendant's services is not an admission that a value was conferred on RaPower or that a valid and enforceable contract existed between Defendant and RaPower. Again, Defendant's characterizations of Plaintiff's deposition testimony are argument, not fact.

As discussed, genuine issues of material fact exist regarding whether reasonably equivalent value was given to RaPower for its payments to Defendant.[34] Determination of this factual issue will inform whether the circumstances are such that it would be equitable or inequitable for Defendant to retain the benefit of the payments made to it by RaPower. Defendant has also provided no evidence of a valid enforceable contract between it and RaPower regarding the legal representation of the Oregon Lens Purchasers in the Oregon Tax Litigation. And regardless, such a contract may be voidable if the transfers RaPower made to Defendant are determined to be fraudulent.

Because genuine issues of material fact exist regarding Plaintiff's unjust enrichment claim, Defendant is not entitled to summary judgment on this issue.

---

[32] Motion at Statement of Undisputed Material Facts ¶ 18 at 9, 32-33.

[33] *Id*.

[34] *Supra*, Discussion at 3-5.

**Plaintiff has sufficiently identified a creditor and debtor
and has standing to assert its claims against Defendant**

Plaintiff's claims for avoidance of the alleged fraudulent transfers RaPower made to Defendant require the existence of a creditor and a debtor.[35] Under the UFTA, a "creditor" is "a person that has a claim,"[36] and a "debtor" is "a person that is liable on a claim."[37] And a "claim" is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."[38]

Defendant argues that Plaintiff's Complaint fails to properly designate a creditor and debtor to support fraudulent transfer claims under the UFTA.[39] Defendant further argues that Plaintiff lacks standing to assert its claims.[40] These arguments lack merit.

RaPower, the receivership entity that made the alleged fraudulent transfers to Defendant, is the debtor in this case. RaPower's receivership estate is the creditor. This is because a receiver may "sue to redress injuries to the entit[ies] in receivership."[41] And receivership entities that were abused by and operated as a fraudulent scheme qualify as defrauded creditors.[42] "[W]rongdoer[s] must not be allowed to profit from [their] wrong by recovering property that [they] had parted with in order to thwart [their] creditors [or in furtherance of their fraudulent

---

[35] Utah Code Ann. §§ 25-6-202(1), -203(1) (formerly numbered as Utah Code Ann. §§ 25-6-5(1), -6(1)); *Bradford v. Bradford*, 993 P.2d 887, 891 (Utah Ct. App. 1999).

[36] Utah Code Ann. § 25-6-102(4) (formerly numbered as Utah Code Ann. § 25-6-2(4)).

[37] *Id*. § 25-6-102(6) (formerly numbered as Utah Code Ann. § 25-6-2(6)).

[38] *Id*. § 25-6-102(3) (formerly numbered as Utah Code. Ann. § 25-6-2(3)).

[39] Motion at 21-29.

[40] *Id*. at 37-43.

[41] *Cornelius*, 786 F.3d at 1316 (quoting *Scholes v. Lehmann*, 56 F.3d 750, 754 (7th Cir. 1995)).

[42] *Id*. at 1316-1317; *Scholes*, 56 F.3d at 754.

schemes]."[43] But "[t]he appointment of the receiver remove[s] the wrongdoer from the scene."[44] Once the wrongdoer "has been ousted from control of and beneficial interest in the [receivership entities] . . . [t]he [entities are] no more [the wrongdoer]'s evil zombies."[45] "Freed from [the wrongdoer's] spell [the receivership entities] bec[o]me entitled to the return of the moneys . . . that [the wrongdoer] had made the [entities] divert to unauthorized purposes."[46] Therefore, when the entities "created and initially controlled by [the wrongdoer] are controlled by a receiver whose only object is to maximize the value of the [entities] for the benefit of their investors and any creditors, [there is no] objection to the receiver's bringing suit to recover corporate assets unlawfully dissipated by [the wrongdoer]."[47]

This analysis derives from case law involving receiverships over entities that acted in Ponzi schemes. But this does not affect the analysis's application to this case. A finding of a Ponzi scheme was not required for the appointment of Plaintiff as the receiver of RaPower. There has also been no adjudication regarding the existence or the absence of a Ponzi scheme relating to the fraudulent scheme involving RaPower—neither party has presented the issue for determination.[48]

More fundamentally though, the case law from which the analysis derives does not hold that the analysis is applicable only to situations involving Ponzi schemes. The rationale behind the analysis is equally applicable to the fraudulent scheme involving RaPower. RaPower was the

---

[43] *Scholes*, 56 F.3d at 754.

[44] *Id*.

[45] *Id*.

[46] *Id*.

[47] *Id*. at 755.

[48] In responding to Defendant's Motion, Plaintiff admits that this case "is not a Ponzi scheme." Receiver's Opposition to Defendant's First Motion for Summary Judgment ("Response") at Response to Heideman's Statement of Facts ¶ 39 at 17, docket no. 52, filed Oct. 25, 2021.

8

"evil zombie" under the "spell" of those who controlled and operated it as a fraudulent scheme, thus causing injury to RaPower.[49]

The appointment of Plaintiff as receiver removed the fraudulent actors from the control of and beneficial interest in RaPower. This "cleansed" RaPower, making RePower's receivership estate a "separate entit[y] in the eyes of the law."[50] Therefore, Plaintiff may now take actions to maximize the value of the RaPower receivership estate by bringing suit to recover RaPower's assets that were fraudulently dissipated.[51] Defendant cites no binding precedent or sufficiently persuasive legal authority that a Ponzi scheme is a prerequisite for Plaintiff to have standing or the ability to pursue its claims in this case.

Plaintiff is the court-appointed receiver of RaPower, an entity that was operated as and abused by a fraudulent scheme. Plaintiff, as the receiver, stands in the shoes of the defrauded receivership entity, RaPower.[52] The creditor for Plaintiff's fraudulent transfer claims is the receivership estate of RaPower. The debtor for Plaintiff's fraudulent transfer claims is RaPower. And Plaintiff, as receiver, has standing to assert claims to avoid the fraudulent transfers RaPower made, including those allegedly made to Defendant.[53] Therefore, Defendant is not entitled to summary judgment on these issues.

---

[49] *Scholes*, 56 F.3d at 754; *Cornelius*, 786 F.3d at 1316.

[50] *Perlman v. Am. Express Centurion Bank*, No. 19-61386-CIV-SMITH, 2020 WL 10181895, *4 (S.D. Fl. July 17, 2020).

[51] *Id*.

[52] *Cornelius*, 786 F.3d at 1316.

[53] *Perlman*, 2020 WL 10181895, *4.

## **Defendant is not entitled to judgment based on the doctrine of *in pari dilecto***

Defendant argues that Plaintiff's claims are barred by the doctrine of *in pari dilecto* and the "good faith" exception.[54] The doctrine of *in pari dilecto* stands for the proposition that "the wrongdoer must not be allowed to profit from his wrong by recovering property that he had parted with in order to thwart his creditors."[55] In other words, one who "ha[s] made the fraudulent conveyances to achieve an improper end (*i.e.*, to put money beyond the reach of creditors) . . . should not be allowed to undo them to secure a benefit for [themselves]."[56]

Under the same analysis that affords Plaintiff standing to pursue its claims against Defendant,[57] the doctrine of *in pari dilecto* does not entitle Defendant to judgment on Plaintiff's claims. "[T]he defense of *in pari delicto* loses its sting when the person who is *in pari delicto* is eliminated."[58] The appointment of Plaintiff as receiver of RaPower removed the wrongdoer from the entity.[59] RaPower is no longer the "evil zombie" of those that controlled it and benefited from the fraudulent scheme. Plaintiff, on behalf of RaPower's receivership estate, is entitled to the return of the moneys that were unlawfully dissipated and fraudulently diverted from RaPower by those wrongdoers.[60]

Defendant cites no binding precedent or sufficiently persuasive legal authority to support application of the *in pari dilecto* doctrine to the circumstances of this case—*i.e.*, where a receiver seeks avoidance of alleged fraudulent transfers. Defendant relies on case law involving the

---

[54] Motion at 33-37.

[55] *Knauer v. Jonathon Roberts Fin. Grp., Inc.*, 348 F.3d 230, 235 (7th Cir. 2003) (quoting *Scholes*, 56 F.3d at 754).

[56] *Id*.

[57] *Supra,* Discussion at 7-9.

[58] *Scholes*, 56 F.3d at 755.

[59] *Id*. at 754.

[60] *Id*. at 754-755.

10

doctrine being raised against bankruptcy trustees.[61] But the Tenth Circuit Court of Appeals has distinguished the doctrine's applicability in bankruptcy and receivership contexts.[62] Additionally, the case law involving receivers on which Defendant relies distinguishes the doctrine's applicability where a receiver seeks avoidance of an alleged fraudulent transfer, as opposed to recovering tort damages.[63] And a court in this District has previously concluded that the doctrine did not apply to bar a receiver's claim to avoid a fraudulent transfer.[64]

Therefore, Defendant is not entitled to judgment on Plaintiff's claims based on the doctrine of *in pari dilecto*.

**Defendant is not entitled to judgment based on a breach of Plaintiff's fiduciary duty**

Defendant makes several assertions and arguments regarding Plaintiff breaching its fiduciary duties as a receiver based on what Defendant perceives as conflicts of interest and failures to act independently and impartially.[65] Plaintiff has adequately disputed Defendant's asserted facts regarding the perceived conflicts and failures to act.[66] And Defendant's characterizations of Plaintiff's deposition testimony is argument, not fact.

More problematic for Defendant, however, is that Defendant cites no legal authority that would support granting summary judgment on Plaintiff's claims based on the perceived breaches of fiduciary duty. Defendant's arguments have no readily apparent relevance to the issues and claims in this case. The arguments are more appropriately a subject for the underlying action in

---

[61] *Goldstein v. FDIC*, No. ELH-11-1604, 2012 WL 1819284, *15-18 (D. Md. May 16, 2012).

[62] *In re Hedged-Investments Assocs., Inc.*, 84 F.3d 1281, 1285 (10th Cir. 1996).

[63] *Knauer*, 348 F.3d at 235-236; *Lichtman v. Litvin Law Firm, P.C.*, No. 13-61119-CIV, 2014 WL 1230724, *6 (S.D. Fl. Mar. 25, 2014).

[64] *Klein v. Widmark*, No. 2:11-cv-01097-CW, 2015 WL 5038543, *5 (D. Utah 2015).

[65] Motion at Statement of Undisputed Material Facts ¶¶ 36-62 at 13-20, 43-48.

[66] Response at Response to Heideman's Statement of Facts ¶¶ 37-62 at 14-23.

which Plaintiff was appointed as RaPower's receiver. Therefore, Defendant is not entitled to judgment on Plaintiff's claims based on the perceived breaches of fiduciary duty.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[67] is DENIED.

Signed February 7, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[67] Docket no. 30, filed Sept. 27, 2021.