THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: PLAINTIFF'S EXPERT WITNESS RICK HOFFMAN**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from alleged fraudulent payments made by RaPower-3, LLC ("RaPower") to Defendant to provide legal representation to RaPower solar lens purchasers in tax litigation.[1] Plaintiff asserts claims against Defendant for avoidance of fraudulent transfers under the Utah Fraudulent Transfers Act ("UFTA") and unjust enrichment.[2] Defendant seeks disqualification of Plaintiff's expert witness, Rick Hoffman, based on Mr. Hoffman's prior relationship with Defendant ("Motion").[3] Defendant also argues that summary judgment is appropriate because Plaintiff cannot prove its claims in the absence of Mr. Hoffman's expert testimony.[4]

---

[1] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9, docket no. 2, filed Oct. 31, 2019.

[2] *Id*. ¶¶ 25-51 at 9-12.

[3] Defendant's Rule 56 Motion for Summary Judgment Disqualifying Plaintiff's Expert Witness (Rick Hoffman) ("Motion"), docket no. 31, filed Sept. 27, 2021.

[4] *Id*.

Disqualification of Mr. Hoffman based on his prior relationship with Defendant is not warranted. And regardless, Defendant fails to establish that Plaintiff cannot prove its claims in the absence of Mr. Hoffman's expert testimony. Therefore, Defendant's Motion[5] is DENIED.

## DISCUSSION

### Mr. Hoffman's disqualification is not warranted

"Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system."[6] "However, disqualification is a drastic measure that courts should impose only hesitantly, reluctantly, and rarely."[7] "In general, courts have adopted a two-part test to determine whether an expert should be disqualified in cases where the expert had a prior relationship with the adverse party."[8] Disqualification is warranted if "(1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation."[9] "The party seeking disqualification bears the burden of establishing both the existence of a privilege and its non-waiver."[10]

---

[5] *Id*.

[6] *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004) (citing *Campbell Indus. V. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980)); *see also Boman & Kemp Rebar, Inc. v. J.D. Steel Co., Inc.*, No. 2:05-cv-00199-TC-DN, 2008 WL 444535, *2 (D. Utah Feb. 14, 2008) (citing *Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996)).

[7] *Hewlett-Packard Co.*, 330 F. Supp. 2d at 1092; *see also Proctor & Gamble Co. v. Haugen*, 184 F.R.D. 410, 413 (D. Utah 1999)).

[8] *Wing ex re. Vescor Capital Corp. v. Woodbury & Kesler, P.C.*, No. 2:09-cv-00402-DB-PW, 2011 WL 1428076, *2 (D. Utah Apr. 13, 2011) (citing *English Feedlot, Inc. v. Norden Labs., Inc.*, 833 F. Supp. 1498, 1502 (D. Colo. 1993).

[9] *Id*. (quoting *Hewlett-Packard Co.*, 330 F. Supp. 2d at 1092-1093).

[10] *Id*. (quoting *Mayer v. Dell,* 139 F.R.D. 1, 3 (D. D.C. 1991)).

Defendant argues that because of its decades-long relationship with Mr. Hoffman and his employer, Lone Peak Valuation ("Lone Peak"), there is a conflict of interest that warrants Mr. Hoffman's disqualification.[11] Defendant asserts that it has employed Mr. Hoffman and Lone Peak's services in other litigation, which has exposed Mr. Hoffman to Defendant's confidential litigation strategies; litigation management techniques; witness examination preparation and techniques; cross-examination techniques; and evidentiary attacks.[12]

Mr. Hoffman may have had a confidential relationship with Defendant in relation to the other litigation for which he was employed by Defendant. This included forensic accounting, consulting, and damages calculations "mostly in Utah state courts."[13] Mr. Hoffman may also have been exposed to confidential information specific to those cases. But this does not suggest that Mr. Hoffman's disqualification is warranted in this case.

Plaintiff designated Mr. Hoffman to offer expert testimony regarding "Receivership Defendants' fraudulent tax avoidance scheme and Receivership Defendants' financial condition at all times relevant to this case, including their insolvency at the time of the transfers at issue."[14] Defendant points to no evidence suggesting the existence of a confidential relationship between it and Mr. Hoffman relating to this case. Defendant also expressly agreed when it previously

---

[11] Motion at 2, 18-24. The "Conclusion" section of Defendant's Motion also includes a single sentence stating that the Motion should be granted because "Mr. Hoffman is . . . so incompetent that he is literally unaware of the contents of his own report." *Id*. at 28. Defendant provides insufficient facts and no legal analysis to support a challenge to Mr. Hoffman's qualifications to testify as an expert under FED. R. EVID. 702. The issue is inadequately briefed and will not be further addressed.

[12] *Id*. at 19-20.

[13] Declaration of Rick Hoffman ¶ 4 at 2, docket no. 45-1, filed Oct. 12, 2021. Defendant did not identify any specific litigation for which it employed Mr. Hoffman or Lone Peak. Rather, Defendant only broadly referred to the "decades-long relationship." Motion at 19.

[14] Receiver's Rule 26(a)(2) Expert Disclosure at 2, docket no. 15, filed Jan. 29, 2021.

employed Lone Peak that the engagement did not preclude Lone Peak or its employees from being employed in unrelated matters by parties with interests that are averse to Defendant:

> Lone Peak is a valuation and consulting firm which is engaged by many other companies and individuals. Lone Peal's determination of conflicts of interest is based on the substance of the work to be performed on an engagement, as opposed to the parties involved. It is possible that some of Lone Peak's and its employees' past, present or future clients will have disputes with and other matters relating to Counsel or Client during the course of and subsequent to this engagement. As a condition of this engagement, Counsel and Client agree that Lone Peak and its employees may be engaged by parties with interests that are adverse to and may not be consistent with the interests of Client and Counsel, so long as those adverse interests are unrelated to the Services being provided by Lone Peak hereunder. Lone Peak and its employees reserve the right to accept unrelated engagements with other parties, and will not be required to advise Client of such engagements in the future.[15]

Defendant offers no evidence or sufficient argument suggesting that this case or the expert testimony and opinions Mr. Hoffman will offer are in any way related to the services Mr. Hoffman or Lone Peak provided Defendant in the other litigation. Therefore, Defendant fails to establish a confidential relationship between it and Mr. Hoffman that would warrant Mr. Hoffman's disqualification in this case.

Additionally, Defendant fails to sufficiently identify the confidential information to which Mr. Hoffman was exposed. Defendant makes only broad and generalized references to Mr. Hoffman's exposure to various categories of litigation strategies and techniques implemented by Defendant in other cases.[16] Defendant offers no specifics regarding this information or why it is confidential or unfairly advantageous in this case. At best, Defendant has shown that Mr. Hoffman possesses knowledge of the way in which Defendant generally litigates cases. Defendant identifies no confidential information to which Mr. Hoffman has

---

[15] Declaration of Rich Hoffman at 21 (Ex. A - Lone Peak's Standard Litigation Consultation Terms at 2).
[16] Motion at 19-20.

potentially been exposed that is relevant to the issues in this case or the expert testimony and opinions Mr. Hoffman will offer at trial.

Defendant fails to meet both prongs of the test for disqualifying Mr. Hoffman based on his prior relationship with Defendant. And Defendant fails to sufficiently explain how it will suffer prejudice based on Mr. Hoffman's knowledge of the way in which Defendant generally litigates cases. From a policy standpoint, the circumstances of do not warrant Mr. Hoffman's disqualification "to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system."[17] Therefore, Defendant's Motion[18] is DENIED.

### Defendant fails to establish that Plaintiff cannot succeed on its claims in the absence of Mr. Hoffman's expert testimony

Mr. Hoffman's disqualification is Defendant's sole basis for arguing that summary judgment is appropriate.[19] Because Mr. Hoffman's disqualification is not warranted,[20] summary judgment is not appropriate. Nevertheless, it is worthy of discussion that even if Mr. Hoffman had been disqualified, Defendant fails to establish and adequately brief that it is entitled to judgment on Plaintiff's claims as a matter of law.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue

---

[17] *Hewlett-Packard Co.*, 330 F. Supp. 2d at 1092.

[18] Docket no. 31, filed Sept. 27, 2021.

[19] *Id*. at 2, 18-28.

[20] *Supra*, Discussion at 2-5.

[21] FED. R. CIV. P. 56(a).

either way"[22] or "if a reasonable jury could return a verdict for the nonmoving party."[23] A fact is material if "it is essential to the proper disposition of [a] claim."[24] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[25]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[26] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[27] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[28]

Defendant fails to meet the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Several of Defendant's asserted undisputed facts have no citation to evidence.[29] Plaintiff also adequately disputes numerous facts that Defendant asserts are undisputed.[30] And importantly, Defendant's characterizations of deposition testimony are not facts. The characterizations are

---

[22] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[23] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[24] *Adler*, 144 F.3d at 670.

[25] *Id.*

[26] *Id.* at 670-71.

[27] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[28] *Id.* (internal quotations omitted).

[29] Motion at Statement of Undisputed Material Facts ¶¶ 9 at 4, 11 at 5, 35 at 10, 46 at 15.

[30] Receiver's Opposition to Defendant's Rule 56 Motion for Summary Judgment Disqualifying Plaintiff's Expert Witness (Rick Hoffman) at 4-18, docket no. 45, filed Oct. 12, 2021.

argument regarding the meaning of the deposition testimony. Therefore, Defendant fails to support the Motion with sufficient undisputed material facts.

Additionally, regardless of the existence of genuine issues of material fact, Defendant's Motion fails to adequately brief why Mr. Hoffman's disqualification would entitle Defendant to judgment on Plaintiff's claims as a matter of law. The Motion includes only a single conclusory sentence devoted to this issue: "Because [Mr.] Hoffman must be disqualified, the [c]ourt should grant summary judgment under Rule 56 as Plaintiff has no expert to dispositively establish damages against [Defendant] or the Receivership Entities' alleged insolvency."[31] Defendant's reply brief devotes approximately two pages to the issue.[32] But the reply is just as conclusory as the Motion. Defendant again states: "[B]ecause the disqualification of [Mr.] Hoffman results in [Plaintiff] being unable to prove necessary elements of the legal theories asserted, specifically a lack of solvency, the [M]otion is dispositive of the case."[33] Defendant cites no legal authority for this proposition. Nor does Defendant provide any legal analysis or discussion of the necessary elements of Plaintiff's claims or why Mr. Hoffman's expert testimony is necessary to establish those elements.

Because Defendant's Motion is not supported by sufficient undisputed material facts and because Defendant failed to adequately brief entitlement to judgment on Plaintiff's claims as a matter of law, Defendant's Motion is fundamentally deficient as a motion for summary judgment. Therefore, the Motion[34] is DENIED.

---

[31] Motion at 2.

[32] Reply in Support of Defendant's Rule 56 Motion for Summary Judgment Disqualifying Plaintiff's Expert Witness (Rick Hoffman) at 19-21, docket no. 63, filed Nov. 19, 2021.

[33] Id. at 20.

[34] Docket no. 31, filed Sept. 27, 2021.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion[35] is DENIED.

Signed February 9, 2022.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[35] Docket no. 31, filed Sept. 27, 2021.