THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| R. WAYNE KLEIN, as Receiver,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN D. HEIDEMAN, LLC dba HEIDEMAN & ASSOCIATES,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING RECEIVER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00854-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

This case arises from alleged fraudulent payments made by RaPower-3, LLC ("RaPower") to Defendant Justin D. Heideman, LLC ("Heideman") to provide legal representation to RaPower solar lens purchasers ("Oregon Lens Purchasers") in tax litigation ("Oregon Tax Litigation").[1] Plaintiff R. Wayne Klein ("Receiver") asserts claims against Heideman for avoidance of fraudulent transfers under the Utah Fraudulent Transfers Act and unjust enrichment.[2] The Receiver seeks partial summary judgment on its fraudulent transfer claims for portions of the transfers that the Receiver argues solely benefited the Oregon Lens Purchasers ("Motion").[3]

Because genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intent to defraud, and whether Heideman provided RaPower

---

[1] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9, docket no. 2, filed Oct. 31, 2019.

[2] *Id*. ¶¶ 25-51 at 9-12.

[3] Receiver's Motion for Partial Summary Judgment ("Motion"), docket no. 32, filed Sept. 27, 2021.

reasonably equivalent value for the alleged fraudulent transfers, The Receiver's Motion[4] is DENIED.

**Contents**
DISCUSSION ................................................................................................................................ 2
    I.    Genuine issues of material fact exist regarding RaPower insolvency, but this is not necessarily dispositive of the Receiver's Motion ............................................. 4
    II.   Genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intend to defraud ............................................... 5
        A. Heideman's objections are not sufficient to dispute the Receiver's asserted material facts ...................................................................................................... 7
        B. Heideman fails to present sufficient specific facts supported by evidence to dispute the Receiver's asserted material facts .......................................... 10
        C. Despite the undisputed material facts, genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intend to defraud ................................................................................................ 12
    III.  Genuine issues of material fact exist regarding whether Heideman provided RaPower reasonably equivalent value for the alleged fraudulent transfers .......... 15
ORDER ....................................................................................................................................... 17

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way"[6] or "if a reasonable jury could return a verdict for the nonmoving party."[7] A fact is material if "it is essential to the proper disposition of [a] claim."[8] And in ruling on a motion for

---

[4] *Id*.

[5] FED. R. CIV. P. 56(a).

[6] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[7] *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) (internal quotations omitted).

[8] *Adler*, 144 F.3d at 670.

summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[9]

The moving party "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[10] If the moving party carries this initial burden, the nonmoving party "may not rest upon mere allegations or denials of [the] pleading[s], but must set forth *specific facts* showing that there is a *genuine issue* for trial as to those dispositive matters for which it carries the burden of proof."[11] "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to defeat a properly supported motion for summary judgment."[12]

The Receiver seeks partial summary judgment in the amount of $28,721 on its fraudulent transfer claims.[13] The Receiver argues that RaPower made the transfers to Heideman with actual intent to defraud,[14] and that no reasonably equivalent value was provided to RaPower because this portion of the transfers solely benefited the Oregon Lens Purchasers.[15]

Heideman's Response[16] raises many of the same arguments that were rejected when Heideman's motion for summary judgment[17] was denied.[18] These arguments include: that the

---

[9] *Id.*

[10] *Id.* at 670-71.

[11] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[12] *Id.* (internal quotations omitted).

[13] Motion at 1-3, 12-24.

[14] *Id.* at 12-15.

[15] *Id.* at 16-24.

[16] Defendant's Response to Receiver's Motion for Partial Summary Judgment ("Response"), docket no. 69, filed Nov. 19, 2021.

[17] Defendant's First Motion for Summary Judgment, docket no. 30, filed Sept. 27, 2021.

[18] Memorandum Decision and Order Denying Defendant's First Motion for Summary Judgment, docket no. 80, filed Feb. 7, 2022.

Receiver fails to properly designate a creditor, a debtor, and a claim to support its fraudulent transfer claims;[19] that the Receiver lacks standing;[20] and that the Receiver's claims are barred by the doctrine of *in pari dilecto*.[21] It is unnecessary to further address these arguments, other than to find and conclude that the arguments fail for the same reasons previously stated.[22]

Heideman also argues that partial summary judgment is inappropriate because genuine issues of material fact exist regarding RaPower's insolvency;[23] whether RaPower made the transfers to Heideman with actual intend to defraud;[24] and whether Heideman provided RaPower reasonably equivalent value for the transfers.[25] These arguments are addressed below.

I. **Genuine issues of material fact exist regarding RaPower insolvency, but this is not necessarily dispositive of the Receiver's Motion**

Heideman argues that partial summary judgment is inappropriate because genuine issues of material fact exist regarding RaPower's insolvency.[26] Heideman is correct that genuine issues of material fact exist regarding this issue. But proving RaPower's insolvency is not necessarily required for the Receiver to succeed on its Motion.

The Receiver's Motion seeks partial summary judgment solely on the portion of its fraudulent transfer claims governed by Utah Code Ann. § 25-6-5(1)(a) (2016).[27] Proving insolvency is not a necessary element of a fraudulent transfer claim under Utah Code Ann.

---

[19] Response at 28-32, 34-37; Defendant's First Motion for Summary Judgment at 21-29.

[20] Response at 34-37; Defendant's First Motion for Summary Judgment at 37-43.

[21] Response at 38-39; Defendant's First Motion for Summary Judgment at 33-37.

[22] Memorandum Decision and Order Denying Defendant's First Motion for Summary Judgment at 7-11.

[23] Response at 37.

[24] *Id*. 37-39.

[25] *Id*. at 32-34, 39-41.

[26] *Id*. at 37.

[27] Motion at 11-15.

§ 25-6-5(1)(a). Rather, Utah Code Ann. § 25-6-5(1)(a) requires that the Receiver prove there was "[a] transfer made or obligation incurred by a debtor . . . with actual intent to hinder, delay, or defraud any creditor of the debtor[.]"[28]

RaPower's insolvency is relevant to determining whether it had actual intent to defraud in making the transfers to Heideman.[29] But insolvency is only one of several indicia or "badges of fraud" that are considered in determining actual intent to defraud.[30] Therefore, the existence of genuine issues of material fact regarding RaPower's insolvency does not necessarily prevent entry of partial summary judgment under the Receiver's Motion.

### II.   Genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intend to defraud

Heideman next argues that partial summary judgment is inappropriate because genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intent to defraud.[31] "To determine 'actual intent' to defraud under Utah Code Ann. § 25-6-5(1)(a), the court may consider the 'badges of fraud' outlined in the statute."[32] These badges include that:

(a)   the transfer or obligation was to an insider;
(b)   the debtor retained possession or control of the property transferred after the transfer;
(c)   the transfer or obligation was disclosed or concealed;
(d)   before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(e)   the transfer was of substantially all the debtor's assets;

---

[28] Utah Code Ann. § 25-6-5(1)(a) (2016).

[29] *Id*. § 25-6-5(2)(i) (2016).

[30] Utah Code Ann. § 25-6-5(2)(a)-(k) (2016); *City Nat'l Bank, N.A. v. Breslin*, 175 F. Supp. 3d 1314, 1319 (D. Utah 2016).

[31] *Id*. at 37-39.

[32] *Bresline*, 175 F. Supp. 3d at 1319.

(f) the debtor absconded;

(g) the debtor removed or concealed assets;

(h) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(i) the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(j) the transfer occurred shortly before or shortly after a substantial debt was incurred; and

(k) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.[33]

"The existence of one or more of these badges in a case does not necessarily constitute fraud per se, nor is the presence of one or more of the elements conclusive."[34] "Where there are multiple plausible inferences to be drawn from the underlying evidence as to the alleged badges of fraud[,] summary judgment should not be granted unless the undisputed facts support an inference of fraudulent intent."[35] In determining whether such an inference is appropriate, courts examine the knowledge of the transferors and the purpose of the transfer.[36] Where the debtor knows "from the very nature of [its] activities" that creditors would lose money and that the debtor's business is not legitimate, it is appropriate to infer that the debtor made the transfers with actual intent to hinder, delay, or defraud creditors.[37]

The Receiver's Motion sets forth several material facts relevant to determining and inferring RaPower's actual intent to defraud.[38] To support these facts, the Receiver cites to the

---

[33] Utah Code Ann. § 25-6-5(2).

[34] *Bresline*, 175 F. Supp. 3d at 1319 (quoting *United States v. Barson*, No. 2:97-cv-551-SA, 1999 WL 674567, *5 (D. Utah July 16, 1999)).

[35] *Id*. (citing *Wasatch Oil & Gas, LLC v. Reott*, 163 P.3d 713, 722 (Utah Ct. App. 2007).

[36] *In re Independent Clearing House Co.*, 77 B.R. 843 (D. Utah 1987).

[37] *Id.* at 860.

[38] Motion at Statement of Undisputed Material Facts ¶¶ 1-24 at 3-8.

record and findings of fact and conclusions of law of the underlying civil enforcement action[39] against RaPower which lead to the Receiver's appointment.[40] Heideman objects to these facts arguing that the civil enforcement action's findings and conclusions are not binding on it and, therefore, the asserted facts lack foundation, assume facts not in evidence, are improper bolstering evidence, and constitute inadmissible hearsay.[41] Heideman also attempts to dispute some of the Receiver's asserted facts through citation to evidence.[42] But Heideman's objections and evidence are not sufficient to dispute the Receiver's asserted material facts regarding RaPower's actual intent to defraud.[43]

**A. Heideman's objections are not sufficient to dispute the Receiver's asserted material facts**

Heideman's objections to the Receiver's asserted facts rely on its argument that the civil enforcement action's findings and conclusions are not binding in this case.[44] Heideman is correct that the findings of facts in the civil enforcement action are not binding here. However, the record in the civil enforcement action, and the conclusions that were drawn therefrom which are not materially disputed by Heideman, may be incorporated into this case.

This case—along with other actions brought by the Receiver—is ancillary to, and arose directly from, the civil enforcement action.[45] The orders in the civil enforcement action provide the basis for the existence of the receivership, including findings that RaPower (and other

---

[39] *United States v. RaPower-3, LLC et al.*, No. 2:15-cv-00828-DN-DAO (D. Utah).

[40] *Id*.

[41] Response at Disputed Material Facts ¶¶ 1-25 at 3-18.

[42] *Id*. at Disputed Material Facts ¶¶ 1-2 at 3-4, ¶¶ 5-8 at 5-8, ¶ 10-13 at 8-12, ¶ 17 at 13-14.

[43] Specific to Heideman's hearsay objections, the statements in the Receiver's asserted facts are not being offered to prove the truth of the matters asserted. The statements are offered to show the representations that RaPower made, not that those representations were true. Therefore, the statements are not hearsay. FED. R. EVID. 801(c).

[44] Response at Disputed Material Facts ¶¶ 1-25 at 3-18.

[45] General Order No. 19-003 (D. Utah Oct. 18, 2019).

associated entities and individuals) promoted and operated an abusive tax scheme centered on purported solar energy technology; that the solar energy technology was not and would never be commercially viable; and that RaPower had no legitimate business. These findings were made after a 12-day bench trial and have been affirmed by the Tenth Circuit Court of Appeals.[46]

In the receivership context, courts often incorporate the factual record of an underlying case into ancillary actions.[47] The ability of district courts to use such findings is an important tool in receiverships because the findings reduce the time necessary to settle disputes, decrease litigation costs, and avoid duplication of work and inconsistent decisions.[48] The use of the record and undisputed conclusions from the underlying action avoids the expense, distraction, and complexity of relitigating undisputed—and appeal-affirmed—findings.

District courts have broad discretion in their supervisory role over equity receiverships involving numerous parties and complex transactions.[49] Indeed, at best, it is doubtful that equitable receiverships could function if a receiver is forced to relitigate the factual basis for the receivership every time an ancillary action is litigated. This is particularly true where, as here, the defendant does not produce sufficient evidence to challenge the factual findings in the underlying action.[50]

---

[46] *United States v. RaPower-3, LLC*, 960 F.3d 1240, 1243 (10th Cir. 2020).

[47] *See, e.g., Hafen v. Evans*, No. 2:19-cv-00895-TC, 2021 WL 3501658, *1 (D. Utah Aug. 9, 2021).

[48] *SEC v. Elliott,* 953 F.2d 1560, 1566 (11th Cir. 1992) (citing *SEC v. Wencke,* 783 F.2d 829, 837 (9th Cir. 1986)). These reasons are also why all cases arising from the civil enforcement actions were ordered to be heard by the District Judge that presided over the civil enforcement action. General Order, No. 19-003.

[49] *SEC v. Vescor Capital Corp.*, 599 F.3d 1189, 1194 (10th Cir. 2010) (district courts have "broad powers and wide discretion to determine relief in an equity receivership."); *SEC v. Capital Consultants, LLC*, 397 F.3d 733, 738 (9th Cir. 2005); *Fed. Trade Comm'n v. Noland*, No. CV-20-00047-PHX-DWL, 2020 WL 4530459, *7 (D. Ariz. Aug. 6, 2020) (discussing the need to avoid distracting satellite litigation in a receivership).

[50] *Infra*, Discussion at 9-10.

Judicial notice of the record in the civil enforcement action under FED. R. EVID. 201 is also appropriate. On summary judgment, federal courts may "take judicial notice, whether requested or not, of its own records and files, and facts which are part of its public records."[51] "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."[52] Therefore, Heideman's objections are overruled and the record of the civil enforcement action will be construed as part of the record in this case.

To be clear, the civil enforcement action's findings of fact are not binding on Heideman. But this does not relieve Heideman of its obligation on summary judgment to set forth specific facts supported by evidence showing that there is a genuine issue for trial.[53] Considering the Receiver's asserted undisputed material facts and the record evidence from the civil enforcement action that is incorporated here, there is no need to "grind the same corn a second time."[54] The factual findings of the civil enforcement action, supported by evidence in the civil enforcement action record, which Heideman fails to challenge with sufficient specific facts and evidence,[55] are made again for the purpose of determining the Receiver's Motion.

---

[51] *St. Louis Baptist Temple v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[A] district court may utilize the doctrines underlying judicial notice in hearing a motion for summary judgment substantially as they would be utilized at trial."); *Anderson v. Cramlet*, 789 F.2d 840, 845 (10th Cir. 1986); *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001); *United States v. Ahidley*, 486 F.3d 1184, 1192 (10th Cir. 2007).

[52] *St. Louis Baptist Temple*, 605 F.2d at 1172.

[53] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations and citations omitted; emphasis in original).

[54] *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277 n.33 (5th Cir. 1978) (quoting *Aloe crème Laboratories v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)).

[55] *Infra*, Discussion at 9-10.

### B. Heideman fails to present sufficient specific facts supported by evidence to dispute the Receiver's asserted material facts

Heideman attempts to dispute the Receiver's asserted material facts that the purported solar energy technology was not commercially viable, and that RaPower had such knowledge.[56] In doing so, Heideman cites to Internal Revenue Service ("IRS") audit letters and two videos demonstrating the solar energy technology.[57] Heideman offers little to no meaningful analysis of how this evidence adequately disputes the Receiver's asserted facts. Heideman provides no context or subsidiary evidence demonstrating RaPower's knowledge of the IRS audit letters at relevant times, or how the videos demonstrate that the solar energy technology was (or could become) commercially viable.

Additionally, the same or similar evidence (along with other evidence) was presented in the underlying civil enforcement action. As demonstrated through the Receiver's citation to the civil enforcement action's record and conclusions,[58] which themselves refer to the evidence in the civil enforcement action, the evidence was not sufficient to overcome the mountain of evidence demonstrating that the purported solar energy technology was not (and would never be) commercially viable, and that RaPower (and the individuals that controlled RaPower) had such knowledge. Heideman has presented only "[t]he mere existence of a scintilla of evidence" in

---

[56] Response at Disputed Material Facts ¶¶ 1-2 at 3-4, ¶¶ 5-8 at 5-8, ¶ 10-13 at 8-12, ¶ 17 at 13-14.

[57] Appendix of Defendant's Exhibits at Exhibit 1 (Approved Audits for Lens Purchasers) at 4-18, docket no. 69-1, filed Nov. 19, 2021; Exhibits 2 (Video of Wood Catching Fire) and Exhibit 3 (Video of Circuit Board Demonstration), docket no. 70, conventionally filed Nov. 23, 2021. Heideman also references an affidavit of Justin Heideman confirming that he personally saw the events depicted in one of the videos. Response at Disputed Material Facts ¶ 17 at 13-14. However, Heideman provides no record citation for this affidavit and the affidavit is not apparent in the record for this case.

[58] Motion at Statement of Undisputed Material Facts ¶¶ 1-24 at 3-8.

support of its position, which is "insufficient to defeat" the Receiver's properly supported Motion.[59]

Heideman also attempts to dispute the Receiver's asserted facts regarding the contractual and actual arrangements that lens purchasers had with RaPower (and its associated entities).[60] In doing so, Heideman cites to the Receiver's deposition testimony regarding the scope of the Receiver's review of relevant contracts:

> Q.   But none of those agreements exist as to the Oregon [L]ens [P]urchasers, does it?
>
> A.   I do not know.
>
> Q.   You don't know that? Have you view the contract agreements with the Oregon [L]ens [P]urchasers?
>
> A.   I've reviewed some contract agreements with Mr. Orth and one of the Greggs. I don't have a recollection sitting here of how many lens purchase agreements I've seen with all Oregon [L]ens [P]urchasers.[61]

Heideman argues this testimony is an admission that "the bulk of the Oregon lens purchase agreements were never reviewed by the Receiver," and therefore, the Receiver's asserted facts regarding the contracts must be deemed disputed.[62]

Heideman's argument mischaracterizes the Receiver's testimony. The testimony is not an admission that the Receiver did not review the relevant contacts. The Receiver testified that he reviewed certain contracts and that he could not recall how many how many contracts were

---

[59] *Universal Money Ctrs., Inc.*, 22 F.3d at 1529 (internal quotations omitted). This is not a matter of claim or issue preclusion. Rather, it is the insufficiency of Heideman's cited evidence to create a genuine issue of material fact considering the record evidence. Based on the evidence presented, no jury could reasonably find that the solar energy technology was or could become commercially viable, or that RaPower legitimately believed the technology was or could become commercially viable.

[60] Response at Disputed Material Facts ¶¶ 5-8 at 5-8, ¶¶ 10-13 at 8-12.

[61] Appendix of Defendant's Exhibits at Exhibit 9 (Deposition of R. Wayne Klein) at 52:19-53:2.

[62] Response at Disputed Material Facts ¶ 5 at 6; *see also Id.* at Disputed Material Facts ¶¶ 6-8 at 6-8, ¶¶ 10-13 at 8-12.

11

reviewed.[63] Regardless, the evidence the Receiver cites to support its asserted facts is not reliant on the Receiver's knowledge of the relevant contacts. The Receiver cites to the factual findings of the civil enforcement action, supported by evidence in the civil enforcement action record, which is incorporated and made again in this case for purposes the Receiver's Motion.[64] Therefore, Heideman's cited evidence and argument are unresponsive to the Receiver's asserted facts and cited record evidence. Heideman's cited evidence and argument are insufficient to dispute the Receiver's asserted material facts.

**C. Despite the undisputed material facts, genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intend to defraud**

Although Heideman fails to sufficiently dispute the Receiver's asserted material facts relevant to determining and inferring RaPower's actual intent to defraud,[65] this does not establish that RaPower made the transfers to Heideman with actual intent to defraud. The determination of actual intent to defraud requires consideration of multiple factors, none of which are dispositive, and summary judgment should not be granted unless the undisputed material facts support an inference of fraudulent intent.[66]

Viewing the undisputed material facts and drawing all reasonable inferences therefrom in a light most favorable to Heideman,[67] RaPower's actual intent to defraud cannot be determined at this time. Badges of fraud indicative of RaPower's actual intent to defraud are present, including that RaPower (and other associated entities and individuals) had been sued or

---

[63] Deposition of R. Wayne Klein at 52:19-53:2.

[64] Motion at Statement of Undisputed Material Facts ¶¶ 5-8 at 4, ¶¶ 10-13 at 5; *Supra*, Discussion at 7-9.

[65] Motion at Statement of Undisputed Material Facts ¶¶ 1-24 at 3-8.

[66] Utah Code Ann. § 25-6-5(2); *Bresline*, 175 F. Supp. 3d at 1319; *In re Independent Clearing House Co.*, 77 B.R. at 860.

[67] *Adler*, 144 F.3d at 670.

threatened with suit prior to the transfers to Heideman; removed or concealed assets and records; and falsified documents to cover up the fraud. And while RaPower's insolvency has not been determined,[68] it is undisputed that RaPower did not conduct a legitimate business.

RaPower's sale of solar lenses served only to perpetuate and expand the fraudulent scheme. For this reason, summary judgment was appropriate in other related cases initiated by the Receiver.[69] The only reasonable inference from RaPower's commission payments for the sale of solar lenses was that the transfers were made with actual intent to defraud creditors.[70] "[T]he question of intent to defraud [for those transfers wa]s not debatable."[71] And the defendants' conduct of selling the solar lenses in the related cases (thereby perpetuating and expanding the fraud) could not provide reasonably equivalent value for the transfers.[72] The transfers were fraudulent under Utah Code Ann. § 25-6-5(1)(a) (2016) and § 25-6-202(1)(a) (2017) as a matter of law.[73]

But the Receiver's fraudulent transfer claims in this case do not arise from commission payments for the sale of solar lenses. The alleged fraudulent transfers were for Heideman's legal representation of Oregon Lens Purchasers in the Oregon Tax Litigation.[74] The Tenth Circuit Court of Appeals has upheld a receiver's avoidance of attorneys' fees payments as fraudulent

---

[68] *Supra*, Discussion at 4-5.

[69] *See, e.g., Klein v. Shepherd*, No. 2:19-cv-00695-DN-PK (D. Utah).

[70] Memorandum Decision and Order Granting in part Receiver's Motion for Summary Judgment at 18-23, ECF no. 39 in *Klein v. Shepherd*, No. 2:19-cv-00695-DN-PK (D. Utah), filed Apr. 15, 2021.

[71] *In re Independent Clearing House*, 77 B.R. at 861 (quoting *Conroy v. Shott*, 363 F.2d 90, 91-91 (6th Cir. 1966)).

[72] Memorandum Decision and Order Granting in part Receiver's Motion for Summary Judgment at 18-23; *see also Wing v. Holder*, No. 2:09-cv-00118-DB, 2010 WL 5021087, *2 (D. Utah Dec. 3, 2010) (concluding that where a transferee "essentially received money for prolonging the fraud of and on the [business entity]" reasonably equivalent value is not given.).

[73] Memorandum Decision and Order Granting in part Receiver's Motion for Summary Judgment at 18-23.

[74] Complaint ¶ 1 at 2, ¶¶ 19-24 at 6-9.

transfers where the attorneys' services did not benefit the receivership entity and served only to diminish the entity's assets.[75] But the undisputed material facts are not sufficient to support a conclusion on summary judgment that Heideman's legal services provided no benefit to RaPower, or that transfers served only to perpetuate RaPower's fraudulent scheme.

Reasonable inferences for the transfers to Heideman may also include that RaPower was attempting to obtain some benefit in the underlying civil enforcement action through the Oregon Tax Litigation,[76] or that RaPower was attempting to minimize its potential liability to its customers through good will. Genuine issues of material fact exist regarding whether RaPower benefited (apart from attempting to continue its operation as a fraudulent scheme) from the legal services Heideman provided, and whether that benefit was a reasonably equivalent value for the transfers.[77]

Therefore, despite the undisputed material facts, the Receiver has not met its initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[78] Because genuine issues of material fact exist regarding whether RaPower made the transfers to Heideman with actual intent to defraud, the Receiver's Motion[79] is DENIED.

---

[75] *Klein v. Cornelius*, 786 F.3d 1310, 1321 (10th Cir. 2015); *Klein v. King & King & Jones*, 571 Fed. App'x 702, 704-705 (10th Cir. 2014).

[76] What that benefit may have been is not clear because Heideman has offered no evidence and only vague and conclusory argument regarding overlapping issues among the litigation and the effect the Oregon Tax Litigation could have had on the civil enforcement action. Response at 39-40.

[77] *Infra*, Discussion at 13-15.

[78] *Adler*, 144 F.3d at 670-71.

[79] Docket no. 32, filed Sept. 27, 2021.

### III. Genuine issues of material fact exist regarding whether Heideman provided RaPower reasonably equivalent value for the alleged fraudulent transfers

It is a defense to the Receiver's fraudulent transfer claims that the transferee took the transfer "in good faith and for a reasonably equivalent value."[80] "[I]n determining whether reasonably equivalent value was given, the focus is on whether the *debtor received* reasonably equivalent value from the transfer."[81] "In other words, the question is not whether [the transferee] 'gave reasonably equivalent value; it is whether [the debtor] received reasonably equivalent value.'"[82] "The primary consideration in analyzing the exchange of value for any transfer is the degree to which the transferor's net worth is preserved."[83]

The Receiver argues that RaPower did not receive reasonably equivalent value for the transfers to Heideman because the portion of the transfers subject to the Motion solely benefited the Oregon Lens Purchasers.[84] To support this argument, the Receiver cites to a "line item categorization" of Heideman's legal services and fees in the Oregon Tax Litigation that was prepared by Heideman and produced in discovery.[85] The category on which the Receiver seeks partial summary judgment was for services rendered "to address specific issues in the Oregon

---

[80] Utah Code Ann. § 25-6-304(1) (formerly numbered as Utah Code Ann. § 25-6-9(1)).

[81] *Miller v. Wulf*, 84 F. Supp. 3d 1266, 1276 (D. Utah 2015) (emphasis in original).

[82] *Michelle Turpin & Assocs., P.C.*, 2016 WL 3661226, at *7 (quoting *Klein v. Cornelius*, No. 2:11-cv-01159-DAK, 2013 WL 6008304, at *3 (D. Utah Nov. 13, 2013)).

[83] *Klein v. Cornelius*, 786 F.3d 1310, 1321 (10th Cir. 2015).

[84] Motion at 16-24.

[85] *Id*. at Statement of Undisputed Material Facts ¶¶ 28-29 at 9-10; Receiver's Appendix of Evidence in Support of Motion for Partial Summary Judgment (Part 1 of 2) at Exhibit H (Defendant's Responses to Plaintiff's First Set of Discovery Requests) at 7-8, docket no. 32-1, filed Sept. 27, 2021; Receiver's Appendix of Evidence in Support of Motion for Partial Summary Judgment (Part 2 of 2) at Exhibit I (Invoice Spreadsheet) at 5-54, docket no. 32-2, filed Sept. 27, 2021.

litigation," totaling $28,721.[86] The Receiver infers from the title of this category that these services benefited the Oregon Lens Purchasers and could not have benefited RaPower.

The Receiver's inference is not the only reasonable inference to be drawn on summary judgment, where facts and inferences are drawn in a light most favorable to Heideman.[87] Heideman's categorization and titling of its services in response to the Receiver's discovery requests is not necessarily an admission regarding such categorization. Nor has the Receiver established that the categorization and titling are accurate. Additionally, the relevant category's titling ("to address specific issues in the Oregon litigation") does not necessarily mean that such services solely benefited the Oregon Lens Purchasers. As discussed, reasonable inferences for the transfers to Heideman may also include that RaPower was attempting to obtain some benefit in the underlying civil enforcement action through the Oregon Tax Litigation, or that RaPower was attempting to minimize its potential liability to its customers through good will.[88]

Therefore, the Receiver has not met its burden of showing the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[89] Because genuine issues of material fact exist regarding whether Heideman provided RaPower reasonably equivalent value for the alleged fraudulent transfers, the Receiver's Motion[90] is DENIED.

---

[86] Motion at Statement of Undisputed Material Facts ¶ 29 at 10; Defendant's Responses to Plaintiff's First Set of Discovery Requests at 8; Invoice Spreadsheet at 5-54.

[87] *Adler*, 144 F.3d at 670.

[88] *Supra*, Discussion at 12-14.

[89] *Adler*, 144 F.3d at 670-71.

[90] Docket no. 32, filed Sept. 27, 2021.

**ORDER**

IT IS HEREBY ORDERED that the Receiver's Motion[91] is DENIED.

Signed February 24, 2022.

BY THE COURT

David Nuffer
United States District Judge

---

[91] Docket no. 32, filed Sept. 27, 2021.